421 A.2d 1126

**COMMONWEALTH of Pennsylvania**

v.

**James L. POUNDS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Aug. 15, 1980.

Petition for Allowance of Appeal Denied Dec. 18, 1980.

James M. Keller, Ellwood City, for appellant.

Howard C. Klebe, Assistant District Attorney, New Castle, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an appeal from a denial by the lower court of appellant's motion to quash an indictment. Appellant's sole claim is that to permit his re–trial following a trial which resulted in a hung jury would violate his right to be free from double jeopardy.

At his first trial appellant was found guilty by the judge of the summary offense of driving to the left of center. He was also convicted by a jury of driving under the influence of alcohol, a misdemeanor.

The jury was unable to reach a verdict, however, on the charge of homicide by motor vehicle, and without objection the jury was dismissed when the judge ascertained that further deliberations would be fruitless.

The Pennsylvania Vehicular Homicide Statute provides:

"Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death." (75 Pa.C.S.A. § 3732)

The jury evidently was undecided on the issue of whether appellant's violations of the law regarding the operation of a motor vehicle were the cause of death.

Appellant first argues that reprosecution is barred by Section 110 of the Pennsylvania Crimes Code, (18 Pa.C.S.A. § 110), which says in part:

§ 110.  When Prosecution barred by former prosecution for different offense.

Although a prosecution is for the violation of a different provision of the statutes than the former prosecution, or is based on different facts, it is barred by such a former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in Section 109 of this title . . . and the subsequent prosecution is for:

(i) Any offense of which the defendant could have been convicted on the first prosecution;

(ii) Any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial . . . or;

(iii) The same conduct, unless:

(A) "The offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; . . ."

■ The above statute applies only where the prosecution is attempting to bring charges to trial on a new offense which follows a previous trial for the same conduct. This of course is a classic double jeopardy situation. *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978); *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974).

The applicable statute under the present facts would be § 109 of the Code which is as follows:

§ 109.  When prosecution barred by former prosecution for the *same offense*.  (emphasis supplied)

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former

prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

(2) The former prosecution was terminated, after the indictment had been found, by a final order or judgment for the defendant, which has not been set aside, reversed, or vacated and which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense.

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

(4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict, or after a plea of guilty was accepted by the court.

1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

None of the above paragraphs, which pertain to retrial of an offense following a prior conviction or acquittal for the same offense, apply here as the former prosecution terminated in a hung jury.

Pennsylvania Rule of Criminal Procedure 1120(e) [1] specifically provides for retrial of offenses which result in a hung

1. Pennsylvania Rule of Criminal Procedure
1120(e) If there are two or more informations or indictments the jury may report a verdict or verdicts with respect to those informations or indictments upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all

jury so long as such offenses are not "included offenses", either greater or lesser, in the charges for which the jury has rendered a verdict.

The United States Supreme Court has consistently upheld the validity of retrial of an offense following a hung jury. *United States v. Perez*, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165, 1824. The Court speaking in *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119 (1957) held:

"At the same time jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where 'unforeseeable circumstances . . . arise during [the first] trial making its completion impossible, such as the failure of a jury to agree on a verdict.' "

Appellant also argues that *Commonwealth v. Campana*, bars his retrial. In the *Campana* cases the defendants had been subjected to prosecution for summary offenses at the magistrate level and later for more serious offenses at trial, all stemming from a single episode. The holding states that all charges arising from a single criminal transaction must be brought in one proceeding. Since this was done in the present case *Campana* is not dispositive.

■ The issue that remains is whether homicide by motor vehicle is a greater included offense of driving under the influence of alcohol or driving to the left of center of the highway. We find that it is not.

The test for determining when two offenses are "included" for double jeopardy purposes was first formulated by the United States Supreme Court in *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

The Court described the test as follows:

the informations or indictments, if those informations or indictments to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter informations or indictments shall be dismissed. When *the informations or indictments upon which the jury cannot agree are not included in the offenses of the information or indictment upon which it has agreed, the defendant or defendants may be retried on those informations or indictments.*

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not
. . ."

*Blockburger* at 284 U.S. 304, 52 S.Ct. 182.

This test was reaffirmed recently in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) where by a 6–3 majority it was held to be double jeopardy to subject a defendant to successive prosecutions by state courts in Ohio upon charges of joyriding and auto theft, from a single episode, where every element of the former offense is contained in the latter.[2] (The Ohio courts do not have a rule similar to our *Campana* rule and only two Justices would have reversed on this basis).

The Third Circuit heard a similar argument in the case of *Virgin Islands v. Smith*, 558 F.2d 691, (3rd Cir. 1977). In that case the first jury convicted the defendant of a weapons offense but was hung on the charge of murder. The court rejected defendant's double jeopardy attack on his subsequent murder conviction, where the appellant argued that the conviction on the lesser offense should be taken as an implied acquittal of the more serious one.

The Third Circuit opinion reasons:

**2.** The most recent decision in this area was announced in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228, (1980). There a decision by the Supreme Court of Illinois prohibiting prosecution of the respondent for manslaughter by automobile was overturned.

A majority in the state high court had ruled that because respondent–driver had been already convicted of "failing to reduce speed", an offense which they found to be a lesser included offense of manslaughter by automobile, he could not then be tried on the manslaughter charge. The United States Supreme Court remanded to the Illinois Supreme Court to determine whether the two offenses were indeed "included" saying, "The point is that if manslaughter by automobile does not always entail proof of a failure to slow, then the two offenses are not the 'same' under the *Blockburger* test. The mere possibility that the State will seek to rely on all of the ingredients necessarily included in the traffic offense to establish an element of its manslaughter case would not be sufficient to bar the latter prosecution."

"In the absence of a logical consistency between the two offenses, a conviction on the weapons charge implies no conclusion on the murder charge; a finding of conviction or acquittal was equally possible and no decision on the necessary facts was made by the hung jury."
*Virgin Islands* at 558 F.2d 691–692.

A conviction of vehicular homicide requires a finding not only of a violation of the motor vehicle laws but also an additional fact, that the defendant's illegal act caused the death. Conversely a conviction for vehicular homicide, while implying guilt as to some violation of the motor vehicle rules, does not imply a finding of guilt as to any particular offense. The offenses are not, therefore, "included offenses" for double jeopardy purposes.

Thus it is logically consistent for the jury to find as it did and the conviction on the offenses of driving to the left of center and driving under the influence of alcohol in no way implies an acquittal on the offense of homicide by vehicle.

Order affirmed.

SPAETH and HOFFMAN, JJ., concur in the result.