497 A.2d 1360

**COMMONWEALTH of Pennsylvania**

v.

**Mark Thomas VINCENT, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 1985.

Filed Aug. 30, 1985.

174

David H. Acker, Public Defender, New Castle, for appellant.

William M. Panella, District Attorney, New Castle, for Commonwealth, appellee.

Before POPOVICH, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

Defendant was tried for two counts of homicide by vehicle, 75 Pa.C.S. § 3732, and two traffic violations, 75 Pa. C.S. § 3714 (reckless driving) and 75 Pa.C.S. § 3301 (failure to drive on the right side of roadway). The judge found defendant guilty of the traffic violations, but the jury was hung on both counts of homicide by vehicle. Defendant moved to dismiss the homicide by vehicle charges, arguing that the traffic offenses of which he had been convicted were lesser included offenses of homicide by vehicle, and hence retrial on the two homicide by vehicle counts would constitute double jeopardy. The court below denied this motion, and defendant took this appeal.[1] We affirm.

---

1. An immediate appeal is permitted from pre-trial orders refusing to dismiss charges on double jeopardy grounds. *See Commonwealth v. Haefner*, 473 Pa. 154, 156, 373 A.2d 1094, 1095 (1977).

In rejecting defendant's double jeopardy claim, Judge Caiazza relied on *Commonwealth v. Pounds*, 281 Pa.Super.Ct. 19, 421 A.2d 1126 (1980), *petition for allowance of appeal denied*, in which a panel of this court held that when a jury is hung on a charge of homicide by vehicle, and in the same trial the judge finds the defendant guilty of the underlying traffic offenses, retrial on homicide by vehicle is not barred on either statutory or constitutional double jeopardy grounds. Judge Van der Voort's opinion announcing the judgment of the court in *Pounds* based this holding on a determination that the underlying traffic offense is not a lesser included offense of homicide by vehicle, because "a conviction for vehicular homicide, while implying guilt as to some violation of the motor vehicle rules, does not imply a finding of guilty as to any particular offense." [2] 281 Pa.Super.Ct. at 26, 421 A.2d at 1128.

■ Although Judges Spaeth and Hoffman only concurred in the result and did not join Judge Van der Voort's opinion in *Pounds*, the court below held it was a binding precedent. It would appear that at least the result reached under the procedural posture in *Pounds* would be precedential, because all three participating judges agreed with the result. *See Commonwealth v. Haefner*, 473 Pa. 154, 156 & n. 3, 373 A.2d 1094, 1095 & n. 3 (1977); *Gravinese v. Johns-Manville Corporation*, 324 Pa.Super.Ct. 432, 438, 471 A.2d 1233, 1236–37 (1984); *Commonwealth v. Scott*, 279 Pa.Super.Ct. 8, 11–12, 420 A.2d 717, 719 (1980); *see also Powell v. Johns-Manville Corporation*, 342 Pa.Super.Ct. 544, 547, n. 1, 493 A.2d 724, 726, n. 1 (1985).

Defendant does not challenge the precedential effect of *Pounds*, but attempts to distinguish it by pointing out that here the Commonwealth specified in a bill of particulars the

**2.** Pennsylvania's homicide by vehicle statute reads as follows: "Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death." 75 Pa.C.S. § 3732.

two traffic violations underlying the two homicide by vehicle counts. Since the Commonwealth is limited to proving homicide by vehicle in the manner specified in the bill of particulars, the Commonwealth could not establish defendant's guilt of homicide by vehicle without first establishing his guilt of the specified traffic violations. Under these circumstances, defendant argues, Judge Van der Voort's reasoning in *Pounds* is inapplicable, and the traffic violations of which defendant was convicted are lesser included offenses for double jeopardy purposes under *Illinois v. Vitale,* 447 U.S. 410, 419–20, 100 S.Ct. 2260, 2266–67, 65 L.Ed.2d 228 (1980).

Defendant may be correct in his assertion that *Illinois v. Vitale, supra,* supports his position that homicide by vehicle is a greater inclusive offense of the underlying motor vehicle offense, at least where the underlying motor vehicle offenses are specified in a bill of particulars.[3] It is unnecessary for us to decide this point, however, because there is another factor which distinguishes both this case and *Pounds* from *Illinois v. Vitale,* and which by itself requires denial of defendant's double jeopardy claim.

In *Illinois v. Vitale, supra,* the motor vehicle offense charge (failing to reduce speed) was not brought in the same proceeding as the charge of involuntary manslaughter. Vitale was first charged solely with failing to reduce speed, to which he pled guilty, and the state then attempted to prosecute him for involuntary manslaughter based upon the same incident. 447 U.S. at 412–13, 100 S.Ct. at 2262–63. The court held that this would constitute double jeopardy if involuntary manslaughter is a greater inclusive offense of failing to reduce speed, because there would be two successive prosecutions for the "same offense."

■ In the case before us, there has never been an attempt at successive prosecutions, because the charges of homicide by vehicle and the traffic offenses were all

3. *But cf. In Interest of R.R.,* 317 Pa.Super.Ct. 334, 347, 464 A.2d 348, 355 (1983), *citing Commonwealth v. Zimmerman,* 498 Pa. 112, 117, 445 A.2d 92, 96 (1981).

brought in the same proceeding. Cases such as *Illinois v. Vitale, supra,* and *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), dealing with successive prosecutions for the "same offense," are thus inapplicable here, because "we are not dealing with successive prosecutions, but rather with retrial following a mistrial caused by a deadlocked jury, a distinctly different problem. Accord, *Forsberg v. U.S.,* 351 F.2d 242 (9 Cir., 1965); *U.S. v. McGowan,* 385 F.Supp. 956 (D.N.J., 1974)." *Commonwealth v. Jones,* 274 Pa.Super.Ct. 162, 170–71, 418 A.2d 346, 350 (1980).

■ Similarly, defendant has no valid statutory double jeopardy claim under sections 109 and 110 of the Crimes Code, 18 Pa.C.S. § 109, 110. Even if we assume the defendant is correct in claiming that the traffic offenses here are lesser included offenses, the only arguably applicable provision in sections 109 and 110 would be the third sentence of subsection (1) of section 109, which states: "A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside." 18 Pa.C.S. § 109(1). Like all subdivisions of section 109, however, this sentence must be read in the context of the introductory paragraph,[4] which makes it clear that all of section 109 applies only to successive prosecutions, not to the distinct problem of retrial following a deadlocked jury.[5] *See also* Model Penal Code Comment, in S. Toll, Pennsylvania Crimes Code Annotated (1974), p. 41. Any other reading of the statute would lead to the absurd result that a defendant would have to be acquitted of the greater offense even if the jury found him guilty of that offense, so long as the jury also found him guilty of the lesser offense.

**4.** The introductory clause of section 109 reads as follows: "When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances: ...." 18 Pa.C.S. § 109.

**5.** Defendant has not raised any claim of lack of manifest necessity for declaration of a mistrial because of the deadlocked jury.

■ Finally, we note that defendant cannot use Rule of Criminal Procedure 1120(e) to make a double jeopardy claim independent of the constitutional and statutory claims we have already rejected. As the Note to Rule 1120 makes clear, subsections (c), (d) and (e) merely codify procedure, and no attempt is made (nor could they) to change the substantive law as to when verdicts give rise to double jeopardy claims. Since we have found no substantive basis for defendant's double jeopardy claim, the lower court's order denying it must be affirmed.

Order affirmed.

POPOVICH, J., concurs in the result.