539 A.2d 340

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Alvie Donald McCANE, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 10, 1987.

Decided March 4, 1988.

Reargument Denied April 5, 1988.

Ernest D. Preate, Jr., Dist. Atty., for appellant.

Michael J. Krushinski, Scranton, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue involved in this appeal is whether the Commonwealth may reprosecute the appellee, Alvie Donald McCane, for homicide by vehicle while driving under the influence following a mistrial on that charge, after a jury found appellee guilty of the offense of driving under the influence but was unable to reach a verdict on the charge of homicide by vehicle while driving under the influence. The trial court held that a retrial of appellee is barred by Pa.R. Crim.P. 1120(d). The Superior Court, in a memorandum decision by a panel (Beck, Popovich and Hoffman, JJ.), affirmed on the opinion of the lower court, 359 Pa.Super. 608, 515 A.2d 618. For the reasons that follow, we reverse.

The appellee, Alvie Donald McCane, was arrested and charged with violating section 3731 of the Motor Vehicle Code (75 Pa.C.S. § 3731), driving under the influence of alcohol or a controlled substance. Appellee was also charged with violating section 3735 of the Motor Vehicle Code (75 Pa.C.S. § 3735), homicide by vehicle while driving under the influence. The appellee was tried by a jury on these charges. He was found guilty of driving under the influence of a controlled substance. The jury was unable to reach a verdict on the charge of homicide by vehicle while driving under the influence. The trial judge accepted the guilty verdict on the charge of driving under the influence and declared a mistrial on the charge of homicide by vehicle while driving under the influence.

When the Commonwealth scheduled a retrial of the appellee on the charge on which the jury was deadlocked, the appellee moved to quash the indictment and dismiss the charge. In his motion for dismissal the appellee argued that reprosecution was barred by Rule 1120(d) of the Pa.R. Crim.P., by section 109 of the Crimes Code (18 Pa.C.S. § 109), and by the double jeopardy provisions of the Pennsylvania and United States Constitutions.

After conducting a hearing on appellee's motion to dismiss and considering the arguments and briefs of counsel, the lower court held that reprosecution of the appellee was prohibited by Rule 1120(d). The lower court did not address the other arguments raised by the appellee in that its holding concerning Rule 1120(d) resolved the issue.

■ The Commonwealth, in bringing this appeal, argues that retrial of the appellee on the charge of homicide by vehicle while driving under the influence is not barred by Rule 1120(d). The Commonwealth contends that the lower court misconstrued and erroneously expanded the scope of that rule in holding that the rule barred further prosecution of the appellee. Rule 1120(d) provides:

(d) If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed. When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment.

For purposes of the issue raised in this case, the pivotal language of Rule 1120(d) is the sentence: "If the jury cannot agree with respect to all the counts in the information or indictment *if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree,* these latter counts shall be dismissed." (Emphasis added.) Considering the pertinent language of Rule 1120(d) in light of the facts in this case, the question is: whether the appellee's conviction of driving under the influence of a controlled substance operates as an acquittal of homicide by vehicle while driving

under the influence—the charge on which the jury could not agree. The Commonwealth contends that appellee's conviction on the former charge does not acquit him of the latter charge in that homicide by vehicle while driving under the influence requires proof of an additional fact, namely, that the appellee's driving while under the influence caused the death of the victim.

Homicide by vehicle while driving under the influence is defined as follows:

—Any person who unintentionally causes the death of another person as the direct result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S. § 3735. The jury found the appellee guilty of violating section 3731 of the Motor Vehicle Code but apparently was unable to decide whether that violation was the cause of the victim's death.

In *Commonwealth v. Pounds*, 281 Pa.Super 19, 421 A.2d 1126 (1980), the Superior Court considered a question similar to that raised in this case. In *Pounds*, the defendant was found guilty by a judge of the summary offense of driving to the left of center. A jury found him guilty of driving under the influence of alcohol. The jury was unable to reach a verdict on the charge of homicide by vehicle (75 Pa.C.S. § 3732).[1] The Superior Court held that the defendant could be retried on homicide by vehicle charge in that

1. At the time of traffic death involved in *Pounds*, section 3732 of the Motor Vehicle Code (75 Pa.C.S.A. § 3732) defined Homicide by Vehicle as follows:

    Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

    1976, June 17, P.L. 162, No. 81, § 1, eff. July 1, 1977.

    Subsequent to *Pounds*, section 3732 was amended to read as follows:

the "conviction on the offenses of driving to the left of center and driving under the influence of alcohol in no way implies an acquittal on the offense of homicide by vehicle." *Id.*, 281 Pa. at 26, 421 A.2d at 1129. "A conviction of vehicular homicide requires a finding not only of a violation of the motor vehicle laws but also an additional fact, that the defendant's illegal act caused the death." [2]

The appellee argues that *Pounds* can be distinguished from the instant case because there, Judge Van der Voort concluded that since a conviction of homicide by vehicle, "while implying guilt as to some violation of the motor vehicle rules, does not imply a finding of guilt as to any particular offense. The offenses [driving to the left of center and driving under the influence] are not, therefore, 'included offenses' for double jeopardy purposes." *Id.* By contrast, in the present case, the appellee contends that a finding of guilty of homicide by vehicle while driving under the influence, by definition, implies a violation of Section 3731, driving under the influence. It follows then, the appellee argues, that driving under the influence is an included offense and retrial, therefore, is barred. The appellee's argument rests upon the fact that to convict appellee of homicide by vehicle while driving under the influence, the appellee must be found guilty of the particular specified offense of driving under the influence. Admittedly, this requirement for a conviction under Section 3735 is mandated by statute, nonetheless, it is not a bar to a retrial in this case.

> Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3731 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.
> As amended 1982, Dec. 15, P.L. 1268, No. 289 § 10, effective in 30 days.

**2.** *Commonwealth v. Pounds, supra* was argued before the Superior Court panel of Van der Voort, Spaeth and Hoffman, JJ. Judge Van der Voort wrote the opinion announcing the decision of the court. Judges Spaeth and Hoffman concurred only in the result.

In *Commonwealth v. Vincent*, 345 Pa.Super 173, 497 A.2d 1360 (1985), the issue of a retrial where a defendant is convicted of a distinctly specified motor vehicle offense but the jury is deadlocked on a related vehicular homicide charge was considered by the Superior Court. In *Vincent*, the defendant was charged with two counts of homicide by vehicle (75 Pa.C.S. § 3732), reckless driving (75 Pa.C.S. § 3714), and failing to drive on the right side of the road (75 Pa.C.S. § 3301). The defendant was found guilty of reckless driving and failing to drive on the right side of the road. The jury was unable to decide on the two counts of homicide by vehicle. On appeal from the trial court's order denying defendant's motion to dismiss the homicide by vehicle charges and bar retrial on double jeopardy grounds, the Superior Court affirmed. The Superior Court held in that case that the defendant could be retried on the homicide by vehicle charges because he had no valid statutory double jeopardy claim.

Prior to trial in the *Vincent* case, the Commonwealth specified in a bill of particulars the two underlying traffic violations. (Reckless driving and failing to drive on the right side of the road.) Thus, the Commonwealth could only establish defendant's guilt of homicide by vehicle by first establishing his guilt of the underlying specified motor vehicle offenses. The defendant there argued that because they were specifically enumerated, the underlying offenses were included offenses for double jeopardy purposes under the United States Supreme Court decisions in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) and *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). The Superior Court rejected defendant's argument pointing out that both *Brown v. Ohio, supra* and *Illinois v. Vitale, supra.* dealt with "successive prosecutions" and did not apply to a retrial following a mistrial caused by a hung jury. The Superior Court rejected the double jeopardy claim asserted by defendant and held that even if the traffic violations of which the defendant was found guilty are lesser included offenses of the vehicular

homicide charge, double jeopardy considerations prohibit "successive prosecutions" not a retrial following a mistrial precipitated by a deadlocked jury. *Id.*

We agree with the rationale of *Vincent* and hold that the provisions of Rule 1120(d) do not bar the retrial of appellee on the charge of homicide by vehicle while driving under the influence following a mistrial declared on that charge because of a deadlocked jury. The comment to Rule 1120 points out that:

Sections (c), (d) and (e) serve only to codify the procedure where conviction or acquittal of one offense operates as a bar to a later trial on a necessarily included offense.

The purpose of Rule 1120(d) and specifically the language relied upon by the lower court and the appellee is to prevent "successive prosecutions" in violation of the prohibition against double jeopardy. A mistrial because a jury is unable to reach a verdict is the classic case where double jeopardy considerations do not prevent a retrial. *United States v. Perez*, 9 Wheat 579, 6 L.Ed. 165 (1824).

The Commonwealth next argues that the reprosecution of the appellee on the charge of homicide by vehicle while driving under the influence is not barred by Section 109 of the Crimes Code (18 Pa.C.S. § 109) We agree. Section 109, in pertinent part, provides as follows:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

The key language relied upon by the appellee is the third sentence of subsection (1) which states: "A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside." As observed by the Superior Court in *Vincent,* "section 109 applies only to "successive prosecutions," not to the distinct problem of retrial following a deadlocked jury." *Id.* This is made clear by the introductory paragraph of section 109 preceeding subsection (1) as set out above. Thus, since this case deals with a retrial rather than successive prosecutions, section 109 cannot be applied to prohibit reprosecution of the appellee.

Traditionally, the test used to determine when one offense is included in another is whether the greater offense *necessarily* involves the lesser. *See Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941). This is the same test that we have applied in cases involving questions of merger.[3] For example, robbery involves larceny and murder involves assault and battery. In each instance they are included offenses. A conviction of robbery necessarily includes larceny. *Id.* Similarly, a conviction of murder necessarily involves assault and battery. *Id.*

In the instant case, driving under the influence of alcohol or a controlled substance is a part of the statutory definition of the offense of homicide by vehicle while driving under the influence. The statute requires that an accused be convicted of driving under the influence before he can be found guilty of violating Section 3735. To this extent driving under the influence is included in the vehicular homicide offense. It is not, however, an included offense in the same sense as larceny is necessarily included in robbery. It is not required that an accused be found guilty of larceny and that the commission of the larceny caused the loss before he can be found guilty of robbery. Likewise, it

---

3. *See Commonwealth v. Sparrow,* 471 Pa. 490, 370 A.2d 712 (1977); *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369, (1973); and *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941).

is not required that a defendant be found guilty of violating Section 2701 of the Crimes Code (assault) and that such violation was the cause of the victim's death in order to be found guilty of murder.

Furthermore, the two separate and distinct crimes of driving under the influence and, homicide by vehicle while driving under the influence, seek to protect two different interests. Driving under the influence is a victimless crime which aims to keep our roads and highways clear of the risks and dangers posed by intoxicated drivers. Homicide by vehicle while driving under the influence is a crime with a specific victim or victims which seeks to protect the distinct and particular life interest of such victims. *See Commonwealth v. Rhodes*, 510 Pa. 537, 510 A.2d 1217 (1986). (The doctrine of lesser included offenses does not prohibit the conviction and sentence for both rape and statutory rape arising from a single act of sexual intercourse.) *Also see Commonwealth v. Sayko*, 511 Pa. 610, 515 A.2d 894 (1986).

■■■■ Finally, the Commonwealth argues that the prohibition against double jeopardy as contained in the Pennsylvania Constitution and the United States Constitution does not prohibit reprosecution of the appellee.[4] The prohibition against double jeopardy protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Generally, mistrial because of the inability of the jury to reach a verdict does not fall within these protections and, therefore, is not a bar to reprosecution. *See Common-*

**4.** Article 1, Section 10 of the Pennsylvania Constitution provides:
"... No person shall, for the same offense, be twice put in jeopardy of life or limb ..."
The Fifth Amendment to the United States Constitution provides:
"... nor shall any person be subject for the same offense to be twice in jeopardy of life or limb ..."

*wealth v. James,* 506 Pa. 526, 486 A.2d 376 (1985). In the instant case, retrial of the appellee is not a successive prosecution, inasmuch as the charges of homicide by vehicle while driving under the influence, and driving under the influence were brought against the appellee in the same proceeding. *See Commonwealth v. Vincent, supra.* Reprosecution of the appellee does not involve a second prosecution for the same offense after acquittal or a second prosecution for the same offense after conviction.

> "The double-jeopardy provision of the Fifth Amendment ... does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again.... What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." [5]

*Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 3085–86, 82 L.Ed.2d 242, (1984) citing *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949).

In this case the jury was unable to agree on a verdict on the charge of homicide by vehicle while driving under the influence. The jury's failure to reach a verdict on this count is not an event that terminates jeopardy.[6] *Richard-*

---

5. The double jeopardy provision of the Pennsylvania Constitution (Article 1, Section 10) involves the same meaning, purpose and end.

6. Double jeopardy presupposes a termination of the original jeopardy.

*son v. United States, supra.* Thus, double jeopardy consid-erations do not bar retrial of the appellee.

The order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Lackawanna County for proceedings consistent with this opinion.

NIX, C.J., filed a concurring opinion.

NIX, Chief Justice, concurring.

I agree with the majority's resolution of the Pa.R.Crim.P. 1120(d) problem, although I do not agree with the analysis employed in reaching the conclusion. Moreover, I would not undertake a discussion of those issues not properly before this Court.

The Court of Common Pleas of Lackawanna County dismissed the charge against appellee for homicide by ve-hicle while driving under the influence, 75 Pa.C.S. § 3735, after the jury returned a guilty verdict on the charge of driving under the influence, 75 Pa.C.S. § 3731, but was deadlocked on the homicide charge. Upon appellee's peti-tion to quash the information, the trial court, reading Rule 1120(d) and 18 Pa.C.S. § 109 in tandem, dismissed the unresolved charge because driving under the influence was clearly a lesser included offense under the homicide by vehicle while driving under the influence provision. There-fore, it reasoned that, pursuant to 18 Pa.C.S. § 109, a conviction of the former entailed an acquittal of the greater offense.

Initially I reject the convoluted analysis employed by the majority in concluding that a violation of section 3731 of the Motor Vehicle Code is not "necessarily" a lesser included offense in the statutory definition of homicide by vehicle while driving under the influence found in section 3735(a).[1] Although I would agree with the trial court that these are included offenses, I find that that court erred in applying 18

---

**1.** The argument of the majority implicitly suggests that the doctrine of lesser included offenses must be confined to common law offenses and not extended to statutory offenses.

Pa.C.S. § 109 in the instant situation, and for that reason I would reverse the judgment of the trial court.

Section 109 of the Crimes Code reads in pertinent part:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former circumstances:

(1) ... A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

18 Pa.C.S. § 109. Rule 1120(d), Pa.R.Crim.P., which the trial court found dispositive of this case, states in part that "[i]f the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed."

Appellee contends that, read together, these provisions require the dismissal of the charge for violation of section 3735. However, where a defendant has been charged with two separate offenses, both of which happen to be included offenses, and he is convicted of only one in the initial proceeding, section 109 was never intended to apply. To the contrary, this provision is properly applied only where the sole offense charged in the indictment or information is the greater offense and the jury returns a verdict of guilty on the lesser offense. There being no acquittal for purposes of Rule 1120(d), the Commonwealth may reprosecute appellee for the alleged violation of 75 Pa.C.S. § 3735 without offending the Rules of Criminal Procedure.

At this time I would forego the constitutional discussion indulged in by the majority. It has long been the jurisprudence of this Commonwealth to limit our consideration to those issues properly before the court. Since the lower court resolved only the procedural issue and did not reach the double jeopardy challenge, I would reverse this case on

 503

the procedural ground and would not address the constitutional question.