582 A.2d 1319

**COMMONWEALTH of Pennsylvania**

v.

**William Robert HARRIS, Appellant.**

Superior Court of Pennsylvania.

Argued March 30, 1990.

Filed Nov. 30, 1990.

14

Sally A Frick, Pittsburgh, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND, McEWEN, MONTEMURO, BECK, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

WIEAND, Judge:

William Robert Harris was charged by criminal information with committing the crimes of robbery in violation of 18 Pa.C.S. § 3701(a)(1)(i) and aggravated assault in violation of 18 Pa.C.S. § 2702(a)(1). At trial, Harris requested and received from the trial court a jury instruction on simple assault as defined at 18 Pa.C.S. § 2701(a)(1). The jury found Harris not guilty of robbery but guilty of simple assault. It was unable to reach a verdict on the charge of aggravated assault, and with respect thereto the trial court

declared a mistrial. When the Commonwealth attempted to retry Harris on the aggravated assault charge, he filed a motion to dismiss on grounds of double jeopardy. This motion, following hearing, was denied by the trial court, and Harris appealed.

The Commonwealth's trial evidence disclosed the following facts. On January 28, 1986, at or about 7:30 p.m., David Johnston was approached in the parking lot of Three Rivers Stadium, Pittsburgh, and asked for a quarter by a person later identified as appellant. When Johnston refused the request, appellant pointed a gun at Johnston and demanded all his money. Johnston again refused; whereupon, appellant pulled the trigger. The gun, however, did not fire. Johnston then ran toward his car, with appellant in pursuit. Appellant was able to overtake Johnston before he entered his car and beat him with the gun. As a result of this beating, Johnston sustained injuries which included four broken facial bones and required hospitalization for a period of ten (10) days.

As a general rule, a mistrial because of a jury's inability to agree upon a verdict does not implicate principles of double jeopardy; and, therefore, a retrial is not barred. This was explained by the Supreme Court of the United States in *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), as follows:

"The double-jeopardy provision of the Fifth Amendment ... does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the

defendant to trial again.... What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments."

*Id.* at 324–325, 104 S.Ct. at 3085–3086, 82 L.Ed.2d at 250, quoting *Wade v. Hunter*, 336 U.S. 684, 688–689, 69 S.Ct. 834, 837, 93 L.Ed. 974, 978 (1949). See also: *United States v. Perez*, 9 Wheat 579, 6 L.Ed. 165 (1824); *Commonwealth v. James*, 506 Pa. 526, 531, 486 A.2d 376, 378–379 (1985); *Commonwealth v. Mehmeti*, 501 Pa. 589, 592, 462 A.2d 657, 659 (1983).

In *Commonwealth v. McCane*, 517 Pa. 489, 539 A.2d 340 (1988), the Pennsylvania Supreme Court held that principles of double jeopardy did not preclude reprosecution on a charge of homicide by vehicle while driving under the influence of alcohol after a jury had found the defendant guilty of driving under the influence but could not agree upon a verdict on the charge of homicide by vehicle while driving under the influence. The Court reasoned as follows:

The prohibition against double jeopardy protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Generally, mistrial because of the inability of the jury to reach a verdict does not fall within these protections and, therefore, is not a bar to reprosecution. *See Commonwealth v. James*, 506 Pa. 526, 486 A.2d 376 (1985). In the instant case, retrial of the appellee is not a successive prosecution, inasmuch as the charges of homicide by vehicle while driving under the influence, and driving under the influence were brought against the appellee in the same proceeding. *See Commonwealth v. Vincent, supra.* Reprosecution of the appellee does not involve a second prosecution for the

same offense after acquittal or a second prosecution for the same offense after conviction.

*Id.* 517 Pa. at 499–500, 539 A.2d at 345–346. See also: *Commonwealth v. Vincent,* 345 Pa.Super. 173, 497 A.2d 1360 (1985).

Principles of collateral estoppel, it has been held, are a part of the double jeopardy analysis. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Commonwealth v. Crenshaw,* 504 Pa. 33, 37, 470 A.2d 451, 453 (1983); *Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313 (1980) (plurality opinion). Thus, in *Commonwealth v. Zimmerman,* 498 Pa. 112, 445 A.2d 92 (1981), the Court held that retrial on charges of third degree murder, voluntary manslaughter and involuntary manslaughter was barred after a jury had been unable to agree upon a verdict, because the same jury had acquitted the defendant on charges of first degree murder and simple assault. The Court reasoned that simple assault was a constituent element of all grades of homicide, and having been found not guilty of simple assault, the defendant could not thereafter be found guilty of any degree of homicide.

A similar analysis was applied by the Superior Court in *Commonwealth v. Jones,* 274 Pa.Super. 162, 418 A.2d 346 (1980). There, the defendant had been acquitted of rape by forcible compulsion and simple assault by causing or attempting to cause bodily injury. The jury was unable to reach a verdict, however, on charges of rape by threat of forcible compulsion and simple assault by putting another in fear of serious bodily injury through physical menace. The Court held that double jeopardy did not bar retrial of the charges on which the jury had been unable to agree. The Court said:

> [W]e do not think principles of collateral estoppel, as set forth in *Ashe v. Swenson* and its progeny, must bar the second trial herein. *Ashe* established that once an accused has been acquitted, a state cannot prosecute him a second time for a related offense having a common issue of ultimate fact essential to conviction which the

previous acquittal had determined in his favor. See, e.g., *Commonwealth v. Peluso*, 481 Pa. 641, 393 A.2d 344 (1978); *Commonwealth v. Klinger*, 264 Pa.Super. 21, 398 A.2d 1036 (1979). The *Ashe* prohibition may even apply where the jury returns a verdict of acquittal on some counts but is unable to agree on others if an issue of fact common to all counts was necessarily determined by the acquittal. See, e.g., *U.S. ex rel. Rogers v. LaVallee*, 517 F.2d 1330 (2 Cir., 1975); *U.S. v. Davis*, 369 F.2d 775 (4 Cir., 1966); *U.S. v. Kenny*, 236 F.2d 128 (3 Cir., 1956); *U.S. ex rel. Triano v. Superior Court of N.J.*, 393 F.Supp. 1061 (D.N.J., 1975); *U.S. v. Flowers*, 255 F.Supp. 485 (E.D.N.C., 1966); *Powers v. State*, 285 Md. 269, 401 A.2d 1031 (1979). A determination that collateral estoppel does bar a retrial would be an exception to the general rule that an accused may be ret[ri]ed if the jury is unable to agree on a verdict in the first trial. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). In the instant case, looking first to the crime of rape, we cannot say that the verdict of acquittal of count one necessarily foreclosed an ultimate fact necessary for conviction on count two....

Similarly, the legislative scheme provides that three different factual scenarios may each constitute the crime of simple assault and has, thereby, created three different offenses. § 2701. Paragraphs One and Three (counts four and six herein) each require proof of facts which the other does not, the former requiring bodily injury or an attempt to cause the same, while the latter embraces fear of imminent serious bodily injury by physical menace. An acquittal of count four does not necessarily determine any ultimate facts necessary for a conviction of count six since the facts underlying each count are distinct. We conclude, therefore, that collateral estoppel does not bar retrial.

*Id.* 274 Pa.Super. at 171–172, 418 A.2d at 350–351 (footnote omitted). See also: *Commonwealth v. Pounds*, 281 Pa.Super. 19, 421 A.2d 1126 (1980) (reprosecution for homicide by

vehicle following hung jury was not barred by double jeopardy where defendant had also been convicted of driving under the influence of alcohol and summary offense of driving to the left of center).

■ The rule which emerges from the decided cases, therefore, is that retrial of charges on which a jury has been unable to agree is not barred unless the jury made findings on one or more other charges which must be interpreted as an acquittal of the offense for which the defendant is to be retried.

■ The aggravated assault charge, on which the jury was unable to reach a verdict in this case, is defined at 18 Pa.C.S. § 2702(a)(1) as follows:

(a) Offense defined.—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

The offense of robbery, for which appellant was acquitted, is defined at 18 Pa.C.S. § 3701(a)(1)(i) as follows:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

After careful review, we conclude that the acquittal of robbery did not necessarily operate as an acquittal of aggravated assault.

The charge of robbery involved (a) the infliction of serious bodily injury (b) in the course of committing a theft. The crime of aggravated assault, however, does not require either a theft or the infliction of serious bodily injury. It is enough for conviction that appellant attempted to cause serious bodily injury to Johnston. The crime of aggravated assault also does not involve a theft. The jury in this case may have acquitted appellant of robbery because it concluded that the commission of a theft had not been proven. Because neither a theft nor the actual infliction of serious

bodily injury was a necessary element of aggravated assault, a retrial for aggravated assault is not barred by principles of collateral estoppel.

■ Similarly, the jury's finding that appellant was guilty of committing a simple assault does not preclude a retrial on the charge of aggravated assault.[1] Simple assault is defined at 18 Pa.C.S. § 2701(a)(1) as follows:

(a) **Offense defined.**—A person is guilty of [simple] assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

By its verdict, the jury found that appellant had caused or attempted to cause bodily injury.[2] This finding does not necessarily prevent a finding by another jury that appellant also had caused or attempted to cause serious bodily injury.[3]

We conclude, therefore, that a retrial of appellant on the charge of aggravated assault is not barred by principles of double jeopardy.

■ Appellant also contends that a retrial is barred by Pa.R.Crim.P. 1120(d). This rule provides as follows:

(d) If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. *If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree,*

---

1. The reverse is not true. If the jury had found appellant not guilty of simple assault, principles of collateral estoppel would have barred a retrial for aggravated assault. See: *Commonwealth v. Zimmerman, supra.*

2. Bodily injury is defined at 18 Pa.C.S. § 2301 as an "[i]mpairment of physical condition or substantial pain."

3. Serious bodily injury is defined at 18 Pa.C.S. § 2301 as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ."

*these latter counts shall be dismissed.* When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment. (emphasis added).

The rule was applied in *Commonwealth v. Roberts*, 484 Pa. 500, 399 A.2d 404 (1979), where a jury had been unable to agree upon a verdict on a charge of murder of the second degree after finding the defendant guilty of burglary and conspiracy but acquitting him of first degree murder, third degree murder, voluntary manslaughter and involuntary manslaughter. The Supreme Court held that the trial court had properly dismissed the second degree murder charge on the authority of Rule 1120(d), because involuntary manslaughter, voluntary manslaughter and third degree murder were lesser included offenses of second degree murder and because murder of the second degree was a lesser included offense of first degree murder. Justice Nix (now Chief Justice) wrote a strong dissent in which Justice Larsen joined. They reasoned:

> The majority specifically relies upon the [second sentence of Rule 1120(d)] to hold that the finding of not guilty of the remaining four counts of criminal homicide bars retrial of the count charging murder of the second degree. They reached this conclusion ignoring the Comment to Rule 1120 which states:
>
> .... (d).... serve[s] only to codify the procedure where conviction or acquittal of one offense operates as a bar to a later trial on a *necessarily* included offense. (emphasis added).
>
> ....
>
> It is clear from the Comment's reference to necessarily lesser included offenses that the purpose of the language relied upon in Rule 1120(d) was designed to avoid the successive prosecution prohibition of double jeopardy. See *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25

L.Ed.2d 469 (1970). Where the offense in question is a necessary constituent of the greater or where the lesser offenses are necessary elements of the offense in question, so that that offense cannot be found to exist without a finding of the lesser offenses also, and the greater offense cannot properly be found to have been committed without a finding that the offense in question has been established, then it is appropriate to bar reprosecution upon an acquittal of either the lesser or the greater offense. This is all the prohibition against successive prosecution requires, in this context and this is all that the language of Rule 1120(d) intended to provide. Yet today, the majority ignores the crucial requirement of the Rule, i.e., that it must be a necessary constituent offense, thereby completely distorting the Rule and reaching a result which is inexplicable.

*Id.* 484 Pa. at 507–508, 399 A.2d at 407–408 (Nix, J., dissenting) (footnotes omitted).

In *Commonwealth v. McCane, supra,* the Supreme Court interpreted Rule 1120(d) in a manner similar to that suggested in the dissenting opinion in *Roberts.* There, the issue was whether the defendant's conviction for driving while under the influence of a controlled substance operated under Rule 1120(d) as an acquittal of homicide by vehicle while under the influence—a charge on which the jury could not agree. In an opinion written by Justice Larsen, the Court held:

[T]he provisions of Rule 1120(d) do not bar the retrial of appellee on the charge of homicide by vehicle while driving under the influence following a mistrial declared on that charge because of a deadlocked jury. The comment to Rule 1120 points out that:

Sections (c), (d) and (e) serve only to codify the procedure where conviction or acquittal of one offense operates as a bar to a later trial on a necessarily included offense.

The purpose of Rule 1120(d) and specifically the language relied upon by the lower court and the appellee is to

prevent "successive prosecutions" in violation of the prohibition against double jeopardy. A mistrial because a jury is unable to reach a verdict is the classic case where double jeopardy considerations do not prevent a retrial. *United States v. Perez*, 9 Wheat 579, 6 L.Ed. 165 (1824). *Id.* 517 Pa. at 497, 539 A.2d at 344. See also: *Commonwealth v. Vincent, supra.*

Under *McCane*, retrial on a charge upon which a jury could not reach a verdict will be barred only where the same jury has also returned verdicts on lesser or greater offenses which necessarily operate as an acquittal of the charge on which the jury could not agree. Rule 1120(d), the Court held, is merely a codification of the double jeopardy bar against successive prosecutions for the same offense. This analysis is in clear conflict with the earlier decision of a majority of the Court in *Roberts* and can only be interpreted as a repudiation thereof. Compare: *Commonwealth v. Kemmerer*, 381 Pa.Super. 533, 554 A.2d 514 (1989), *allocatur granted*, 522 Pa. 574, 559 A.2d 35 (1989). But see the Dissenting Opinion by Wieand, J.

We conclude that the *McCane* analysis is the better view and that *Roberts* has been overruled sub silentio. When Rule 1120(d) is applied consistently with *McCane*, we find that the analysis in the instant case must necessarily be the same as that employed to determine whether retrial on the charge of aggravated assault is barred by principles of double jeopardy. Because retrial is not barred by principles of double jeopardy, it also is not barred by Rule 1120(d). Neither appellant's acquittal of robbery nor his conviction of simple assault necessarily requires a finding that he is not guilty of aggravated assault.

■ Finally, appellant's retrial is not barred by the provisions of 18 Pa.C.S. § 110.[4] This section of the Crimes Code

---

**4.** This section of the Crimes Code is as follows:

§ 110. **When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it

"applies only to successive prosecutions, not to the distinct problem of retrial following a deadlocked jury." *Commonwealth v. Vincent, supra* 345 Pa.Super. at 177, 497 A.2d at 1362 (footnote omitted). See also: *Commonwealth v. McCane, supra* 517 Pa. at 497–498, 539 A.2d at 344–345. Section 110 "applies only where the prosecution is attempting to bring charges to trial on a new offense which follows a previous trial for the same conduct." *Commonwealth v. Pounds, supra* 281 Pa.Super. at 22, 421 A.2d at 1127. It was designed to limit successive prosecutions where all charges arising out of the same criminal transaction could have been brought in a single prosecution. See: *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978); *Com-*

is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

*monwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand,* 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). Instantly, the Commonwealth complied with Section 110 by bringing all charges against appellant in a single proceeding. A retrial on the charge of aggravated assault because of a deadlocked jury, therefore, is not precluded. See: *Commonwealth v. McCane, supra; Commonwealth v. Vincent, supra; Commonwealth v. Pounds, supra.*

It is apparent, for the foregoing reasons, that a retrial of appellant on a charge of aggravated assault is not barred by statute, rule of court, or constitutional safeguard. The order of the trial court, therefore, must be affirmed.

Order affirmed.