618 A.2d 1011

**COMMONWEALTH of Pennsylvania**

v.

**Juan ARRIAGA, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1992.

Filed Jan. 7, 1993.

Willis W. Berry, Jr., Philadelphia for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, BECK and BROSKY, JJ.

BECK, Judge:

Appellant raises a constitutional challenge to a sentencing provision for violation of the Controlled Substance, Drug, Device and Cosmetic Act which provides for heightened penalties for repeat offenders. *See* 18 Pa.C.S.A. § 7508(a)(3)(i). We find the provision constitutional and therefore affirm the judgment of sentence.

This is an appeal from a judgment of sentence imposed for delivery of a controlled substance (cocaine) and criminal conspiracy. The facts underlying appellant's arrest and trial are irrelevant to this appeal as appellant's sole issue is the constitutionality of the statute under which he was sentenced. Appellant objected to application of the statute at his sentencing hearing, as well as in his Motion to Reconsider Sentence; he claims that the statute violates the Double Jeopardy and Due Process Clauses of the United States Constitution. We find Appellant's argument contrary to firmly established law.

Appellant was convicted for violating section (30) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S.

§ 780–113(30). He was sentenced pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i), which provides for enhanced penalties for offenders who have previous convictions under Section (30). The statute provides, in pertinent part:

[a] person who is convicted of violating Section 13(a)(14) or (30) of the Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation ... of coca leaves ... shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) upon the first conviction when the amount of the substance involved is at least 2.0 grams and less than ten grams; one year in prison ... and, upon conviction for another offense subject to sentencing from this section: three years in prison....

18 Pa.C.S.A. § 7508(a)(3)(i) [1]

At sentencing, there was a stipulation between counsel that the amount of cocaine at issue was 2.76 grams and that appellant had two prior convictions for violating section (30). The trial court, in accordance with § 7508, sentenced appellant to three to six years on the delivery charge. Appellant maintains that consideration of his previous convictions in determining his sentence constitutes double jeopardy because it subjects him to punishment for crimes for which he was already sentenced.

Appellant bears a heavy burden in challenging the constitutionality of a statute; we are not permitted to refuse to enforce § 7508 unless it "clearly, palpably and plainly violates the Constitution." *Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339, 1340 (1983).

1. The language of the statute was amended by the legislature in 1990. Instead of requiring a "previous conviction for another offense subject to sentencing from this section," it now requires only that at the time of sentence, the defendant have a prior conviction for a drug trafficking offense. 18 Pa.C.S.A. § 7508 (Supp.1992). The amended statute has no application to the instant appeal.

■ The Double Jeopardy Clause protects against multiple punishments for the same offense and against a second prosecution for the same offense after acquittal or conviction.[2] *Commonwealth v. McCane,* 517 Pa. 489, 539 A.2d 340, 346 (1988) (citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). In order for appellant to prevail on his claim, imposition of the sentence he received must constitute a second prosecution for either of his two prior offenses or an additional punishment for those convictions. The law is quite clear, however, that appellant's sentence is not a reprosecution and punishes only his third offense.

■ The United States Supreme Court long ago considered enhanced sentence statutes and held that such statutes do not violate the Double Jeopardy Clause. In *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Supreme Court addressed the constitutionality of Pennsylvania's Habitual Criminal Act, which provided that a defendant's prior record be considered in determining the severity of his or her sentence. In *Gryger,* the defendant was given a life sentence because he had four prior convictions for violent crimes. He claimed that the Act was violative of Double Jeopardy as an additional penalty for an earlier crime. *Id.* at 732, 68 S.Ct. at 1258. The Court disagreed and explained that the sentence was "not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." [3] *Id.*

2. Appellant based his claim on the protections afforded by the United States Constitution, not Pennsylvania's. We note, however, that our Double Jeopardy Clause is coextensive with that of the federal clause and "involves the same meaning, purpose and end." *Commonwealth v. McCane,* 517 Pa. 489, 539 A.2d 340, 346 n. 2 (1988).

3. In his brief, appellant argues that the timing of his earlier crimes, occurring four years before the sentencing in this case, contributes to the unfairness of his sentence. The *Gryger* court disposed of this argument and held the habitual offender statute constitutional even though one of the crimes the sentencing court considered occurred prior to the passage of the statute. *Gryger,* 334 U.S. at 732, 68 S.Ct. at 1258. *See also Commonwealth v. Kopycinski,* 353 Pa.Super. 387, 510 A.2d 365, 366 (1986), *aff'd,* 516 Pa. 15, 531 A.2d 1107 (1987) (court can

Consideration of an individual's prior convictions to determine and, where appropriate, increase, his or her sentence not only survives a Double Jeopardy challenge, it is both logical and fair. The logic lies in the attempt to deter repeated criminal activity, while the fairness is obvious in the notion that a recidivist should receive a stiffer sentence than a first-time offender. *See Commonwealth v. Grady,* 337 Pa.Super 174, 486 A.2d 962, 965 (1984) (purposes of recidivist statutes reviewed).

Appellant also alleges a Due Process defect in § 7508; however, in his brief, he argues only a "double punishment" rationale. Although his failure to include argument on this issue generally would constitute a waiver of the issue, *Commonwealth v. Gonzalez,* 415 Pa.Super. 65, 608 A.2d 528, 531 (1992), we note that this issue too has been addressed by the United States Supreme Court. The Court long has held that consideration of a defendant's prior convictions in enhancing a sentence is not violative of Due Process nor a variety of other constitutional challenges. *See Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (recidivist statute does not violate Due Process nor constitute cruel and unusual punishment); *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (sentence enhancement for prior crimes does not violate Due Process, Equal Protection, Privileges and Immunities or Double Jeopardy clauses); *McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901) (sentence enhancement provision is not an ex post facto law); *Moore v. Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895) (consideration of prior record does not violate Equal Protection, Cruel and Unusual Punishment or Double Jeopardy clauses). This court has relied on these Supreme Court cases to uphold other Pennsylvania statutes which provide for increased and/or mandatory sentences for repeat offenders. *See e.g., Commonwealth v. Grady,* 337 Pa.Super. 174, 486 A.2d 962, 964 (1984) (Vehicle Code provision mandating imprisonment for second DUI offense constitutional).

consider convictions which occur before enactment of enhanced sentencing law).

While the particular statutory provision we address today previously has not been challenged as unconstitutional,[4] many other, similar recidivist statutes have been reviewed and upheld on the very bases appellant asserts in his brief. We find, therefore, that 18 Pa.C.S.A. § 7508 is proper under the United States Constitution in that its operation does not constitute Double Jeopardy and does not violate Due Process.

Judgment of sentence affirmed.

4. In *Commonwealth v. Logan*, 404 Pa.Super. 100, 590 A.2d 300, 302 n. 6, *appeal denied*, 528 Pa. 622, 597 A.2d 1151 (1991), this court noted that granting the prosecution sole authority to invoke the mandatory sentencing provisions of § 7508 did not violate constitutional principles of separation of powers.