625 A.2d 1265

COMMONWEALTH of Pennsylvania, Appellant,

v.

**Robert D. ECKLES.**

Superior Court of Pennsylvania.

Argued April 28, 1993.

Filed June 9, 1993.

John F. DiSalle, Asst. Dist. Atty., Washington, for Com., appellant.

George B. Stegenga, Washington, for appellee.

Before ROWLEY, President Judge, and TAMILIA and BROSKY, JJ.

PER CURIAM:

The Commonwealth appeals from an order imposed following the dismissal of its petition to modify appellee's sentence and the grant of appellee's petition to modify his sentence. Appellee was sentenced to three to six years imprisonment for one count of homicide by vehicle while driving under the influence of alcohol, and three to six years imprisonment for a second count of the same offense. These sentences are to be served concurrently.

The Commonwealth complains on appeal that the trial judge was without discretion to mandate a concurrent service of the two sentences, and that the judge was required to make the sentences consecutive. This argument does not reflect the law and therefore, we affirm the order of the trial court.

The Commonwealth cites the language of 75 Pa.C.S.A. § 3735, homicide by vehicle while driving under the influence, as requiring separate, consecutive sentences for each conviction under the statute. The statute reads in part:

Any person who unintentionally causes the death of another as the direct result of a violation of section 3731 [relating to DUI] and who is convicted of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S.A. § 3735(a). We find no fault with the sentences imposed by the trial judge, as he followed the mandate of the statute and ordered a minimum of three years imprisonment for each conviction. The statute, however, does not require that the sentences be served consecutively.[1]

---

1. 42 Pa.C.S.A. § 9721(a.1) makes subsection (a) of that section inapplicable "where a mandatory minimum sentence" is provided by law. Subsection (a) states in part that a court may impose sentences consecutively or concurrently. The Commonwealth argues that a trial judge loses his discretion to impose sentences consecutively or concurrently when subsection (a) does not apply to the offense, i.e., "where a mandatory minimum sentence" is provided by law. We agree with appellee that this argument is misguided.

The Commonwealth concedes that our Court, in *Commonwealth v. Dungan*, 372 Pa.Super. 323, 539 A.2d 817 (1988), *allocatur denied*, 522 Pa. 573, 559 A.2d 34 (1989), "suggest[ed] that imposition of consecutive or concurrent mandatory sentences was within the sentencing court's discretion." In *Dungan*, the Court affirmed, as within the trial judge's discretion, a sentence resulting from five homicides while under the influence. The sentence included "two concurrent three-year terms" imprisonment. The fact that our Court affirmed the sentence as within the trial court's discretion, corroborates our opinion that the decision whether to impose a sentence consecutively or concurrently is a discretionary matter for the trial court. *See also Commonwealth v. Voshall*, 387 Pa.Super. 47, 563 A.2d 936 (1989), *aff'd*, 529 Pa. 571, 605 A.2d 1222 (1992) (for two homicides while under the influence, Court considered harshness of consecutive sentences as a discretionary aspect of sentencing).

Because it is now clear that the Commonwealth is appealing a discretionary aspect of sentencing, we agree with appellee that the Commonwealth was required to set forth a Rule 2119(f) statement in its brief as a requisite to our consideration. We understand that the Commonwealth did not provide such a statement because the purpose of its appeal was to contest the discretionary nature of the imposition of a consecutive or concurrent sentence. Even so, we are precluded from considering the leniency or the harshness of the sentence for the lack of a 2119(f) statement.

Order affirmed.

"Section 9721[a.1 has the effect of] preclud[ing], when a mandatory minimum sentence is involved, the Court from considering the alternatives [in subsection (a)] such as probation, fines or intermediate punishment." Brief of Appellee at 9. In some cases, the legislature has determined that a mandatory minimum sentence is the only proper sentence for a particular crime. Subsection (a.1) does not also affect the trial court's authority to make the sentence concurrent or consecutive.