J-S51029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ROBERT ALAN REITZ | |
| Appellee | No. 154 MDA 2014 |

Appeal from the Judgment of Sentence November 26, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001687-2013

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 09, 2014**

The Commonwealth appeals the judgment of sentence entered in the Court of Common Pleas of Centre County on November 26, 2013, after Robert Alan Reitz tendered a guilty plea to one count of driving under the influence (highest rate of alcohol – first offense) ("DUI").[1]  The court sentenced Reitz to a term of 30 days to six months of county imprisonment. In its sole issue on appeal, the Commonwealth challenges the discretionary aspects of Reitz's sentence.  For the reasons set forth below, we affirm.

_____

[1]  75 Pa.C.S. § 3802(c).

The facts and procedural history are as follows. On March 10, 2013, Reitz was arrested for DUI.[2] On November 14, 2013, he entered an open guilty plea to one count of DUI. He had previously executed a written guilty plea colloquy. Therefore, on that day, the trial court conducted an on-the-record oral waiver colloquy to supplement the written waiver.

On November 26, 2013, the trial court imposed a sentence of 30 days to six months' confinement. The Commonwealth filed a timely motion for modification of sentence, claiming the sentence was "clearly unreasonable" pursuant to 42 Pa.C.S. § 9781. A motions hearing was held on December 23, 2013. The court subsequently denied the Commonwealth's post-sentence motion on December 31, 2013. The Commonwealth then filed this appeal.[3]

In the Commonwealth's sole issue, it contends the court erred in denying its motion to modify sentence because the sentence imposed on Reitz was "grossly inadequate considering the circumstances of this case,

---

[2] It appears Reitz committed this offense while he was out on bail for a prior arrest at Docket Number CP-14-CR-921-2013. With respect to that docket, Reitz was charged with DUI, 75 Pa.C.S. §§ 3802(a)(1), (c), and restriction on alcoholic beverages, 75 Pa.C.S. § 3809(a). He was subsequently found guilty during a bench trial and sentenced to a period of 60 days' to 6 months' incarceration.

[3] On January 22, 2014, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth filed a concise statement on February 12, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 21, 2014.

[did] not adequately address [Reitz]'s criminal history, [did] not adequately address the need to protect the community, and [did] not consider [Reitz]'s numerous failed rehabilitative efforts." Commonwealth's Brief at 13. Specifically, it states that although the court had the pre-sentence investigative report before it, the court failed to consider and weigh all relevant facts, including: (1) this was Reitz's sixth lifetime DUI; (2) both of his last DUIs had a blood alcohol content of .300% or greater; (3) he was out on bail when he committed this new offense; (4) he failed to take advantage of numerous prior rehabilitative measures; (5) he denied he has an alcohol problem; and (6) he is unable to refrain from driving under the influence, which creates a substantial danger to the community. *Id.* at 18-19.

Before addressing the merits of this claim, we find the issue is waived for several reasons. First, the Commonwealth framed this issue in its concise statement as follows: "Did the Trial Court err in denying the Commonwealth's Motion for Modification of Sentence filed on November 27, 2013 and decided by the Court on December 23, 2013?" Statement of Matters Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), 2/21/2012, at 1. As stated, the issue was too vague to allow the trial court to identify the specific error raised on appeal. This Court has previously explained:

> An appellant's concise statement must properly specify the error to be addressed on appeal. *Commonwealth v. Dowling*, 778

A.2d 683 (Pa.Super.2001). In other words, the Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa.Super.2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." ***Id.*** The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. ***Id.*** Thus, if a concise statement is too vague, the court may find waiver. ***Id.***

***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011).

Here, in its opinion, the trial court determined:

This Court is unable to address the issues presented by the Commonwealth on appeal because the Statement filed is too vague.… By simply saying the Commonwealth believes the Court erred in denying the Commonwealth's Motion for Modification of Sentence, the Court is left guessing as to what that error may be. The Commonwealth has made several allegations of error, both in their Motion and in oral argument. Without more, the Court is tasked with searching through the record and speculating what the issue (or issues) is that the Commonwealth will raise before this Honorable Court…. Because of the press of business of this Court, and pursuant to the requirements set forth in Rule 1925(b), the Court will not venture guesses to determine the Commonwealth's issues on appeal.

Trial Court Opinion, 3/21/2014, at 3. Accordingly, we conclude that the issue, as framed by the Commonwealth in its concise statement, was too vague to provide the trial court with notice of the specific error it intended to challenge on appeal, and therefore, is waived.

Second, even if we were to conclude the issue was not waived for vagueness, we would find that it was waived because the Commonwealth failed to preserve its discretionary aspects of sentencing claim.

The standard of review for a claim challenging the discretionary aspects of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that then sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Stein***, 39 A.3d 365, 370 (Pa. Super. 2012) (citation omitted). Moreover, we note that "[i]f a Rule 2119(f) statement is not

included in the appellant's brief and the appellee objects to the omission, then this Court is precluded from reviewing the merits of the appellant's claim." ***Commonwealth v. Faulk***, 928 A.2d 1061, 1072 (Pa. Super. 2007).[4]

Here, the Commonwealth has not included a Rule 2119(f) statement in its brief, and Reitz has objected to this deficiency. ***See*** Reitz's Brief 10-12. Therefore, we may not reach the merits of the Commonwealth's sentencing challenge as the issue was not properly preserved.

Judgment of sentence affirmed.

Judge Musmanno joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014

---

[4] ***See also Commonwealth v. Eckles***, 625 A.2d 1265, 1266 (Pa. Super. 1993) (appellate court was precluded from considering the Commonwealth's sentencing issue due to a lack of a Rule 2119(f) statement).