563 A.2d 936

**COMMONWEALTH of Pennsylvania**

v.

**David W. VOSHALL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 13, 1988.

Filed Sept. 1, 1989.

48

Mark H. Rubenstein, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before BROSKY, DEL SOLE and JOHNSON, JJ.

BROSKY, Judge.

This appeal lies from the judgment of sentence following Voshall's plea of *nolo contendere* to two counts each of involuntary manslaughter (18 Pa.C.S.A. § 2504), homicide by vehicle (75 Pa.C.S.A. § 3732), homicide by vehicle while driving under the influence (75 Pa.C.S.A. § 3735) and driving under the influence (75 Pa.C.S.A. § 3731(a)(1) and (a)(4)).

Voshall was sentenced as follows: On the charges of involuntary manslaughter and homicide by vehicle, the court assessed no further penalty; on the two counts of homicide by vehicle while driving under the influence, the court imposed two consecutive terms of incarceration of three and one-half to seven years each; finally, on the driving under the influence charge, Voshall received a sentence of one to two years' imprisonment.

On appeal, Voshall complains that his sentence was illegal and that the sentencing court abused its discretion in sentencing him. We agree with Voshall that his sentence for driving under the influence was illegal for the reasons set forth below. Therefore, we vacate that portion of the judgment of sentence relating to the charge of driving under the influence (75 Pa.C.S.A. § 3731(a)(1) and (a)(4)) and affirm the judgment of sentence in all other respects.

The factual predicate for the plea is as follows: Voshall was operating a motor vehicle at a high rate of speed on Route 65 in Allegheny County. At an intersection, he

collided with a station wagon which was making a left turn. The two child passengers in the struck station wagon were killed as a result. Voshall's blood alcohol was determined to be .30. Voshall had been placed in the ARD program for a previous driving under the influence violation. The second time he committed the offense, he received a sentence of probation. Thus, the present driving under the influence violation is Voshall's third.

Voshall claims that the charge of driving under the influence should have merged with the offense of homicide by vehicle while driving under the influence for the purpose of sentencing because the former is a lesser included offense of the latter. Pursuant to two recent pronouncements on the law of merger by our Supreme Court, we are constrained to agree.

In *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989), our Supreme Court held that *"except for lesser included offenses*, the doctrine of merger based on whether the Commonwealth has an interest in prosecuting a criminal defendant for more than one crime is hereby abrogated and abolished." 521 Pa. at 564, 559 A.2d at 29; emphasis in text. Pursuant to this rule, we hold that the driving under the influence charged merged for the purpose of sentencing with the offense of homicide by vehicle while driving under the influence because the former charge is a lesser included offense of the latter. In so concluding, we are compelled to abandon the "substantially different interest" analysis which was rejected in *Leon Williams* as "merely a mask for the reality that there is no cohesive, complete set of rules for determining when merger should occur." 521 Pa. at 563, 559 A.2d at 29.

In *Leon Williams,* the Supreme Court abandoned the two-pronged analysis set forth two years earlier in *Commonwealth v. Michael Williams*, 514 Pa. 124, 522 A.2d 1095 (1987). There, the Supreme Court summarized the law relating to merger as follows:

[M]erger is required only when two prerequisites are met. First, the crimes must 'necessarily involve' one another. Second, even if the two crimes necessarily involve one

another, they do not merge if there are substantially different interests of the Commonwealth at stake and the defendant's act has injured each interest. To determine whether multiple offenses involve substantially different interests, or how many evils are present in a given criminal act, the sentencing court must examine both the language of the particular statutes and the context in which each statute appears in the Crimes Code.

514 Pa. at 135, 522 A.2d at 1101.

The Supreme Court in *Leon Williams* rejected as flawed the above analysis on two fronts. The first concern was the lack of precise definitional standards for the relevant Commonwealth interests at stake. Merely paraphrasing the words of the relevant statutes as indicative of the Commonwealth's interests in order to determine whether one crime merges with another was unworkable, the Court held, because no merger would ever occur as was originally intended. The second difficulty which the Supreme Court perceived was the lack of guidance in determining which Commonwealth interests were implicated. Stated another way, a sentencer must be able to ascertain "how many offenses against the Commonwealth have actually been committed" or "how many evils are present in a given criminal act." 521 Pa. at 563, 559 A.2d at 29. The Court summarized the elusiveness of the *Michael Williams* analysis as follows:

> [I]n other words, in order to apply our two part-merger [sic] analysis, one must, when the facts of one crime are the same facts that support the other crime charged, determine exactly how the Commonwealth has been injured. But apart from applying all applicable criminal statutes to the facts of the crime, there is no guidance on how to determine how the Commonwealth has been injured. The two-part merger analysis, therefore, is not an analysis at all, but merely a mask for the reality that there is no cohesive, complete set of rules for determining when merger should occur.

521 Pa. at 563, 559 A.2d at 29.

The statutory prohibition against driving under the influence, 75 Pa.C.S.A. § 3731, reads in pertinent part:

### § 3731. Driving under influence of alcohol or controlled substance

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

\* \* \* \* \* \*

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

The offense of homicide by vehicle while driving under the influence, 75 Pa.C.S.A. § 3735, is defined by the Motor Vehicle Code as follows:

### § 3735. Homicide by vehicle while driving under the influence

(a) **Offense defined.**—Any person who unintentionally causes the death of another person as the direct result of a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

■ Since *Leon Williams*, a trial court need not tax itself with the burden of determining what Commonwealth interests are at stake by attempting to sort out the number of offenses actually committed against the Commonwealth or by endeavoring to compartmentalize each harm actually present in a given criminal act. Instead, a sentencer need only determine if any of the crimes necessarily involve each other, i.e., whether any are lesser included offenses of the other charge(s).

■ Therefore, it should be obvious to anyone reading the above provisions of the Motor Vehicle Code that the elements of the offense of driving under the influence are intrinsic to the statute regulating the conduct of one who

commits the crime of homicide by vehicle while driving under the influence. The language of this latter provision makes it abundantly clear that it applies to those who have violated and have been convicted of Section 3731. The violation and conviction of Section 3731 is an element of homicide by vehicle while driving under the influence. Necessarily and logically, then, the elements of Section 3731 are implicitly included in Section 3735, making the former a lesser included offense of the latter.

Moreover, in the second of the two cases decided the same day, the high court, in *Commonwealth v. Weakland*, 521 Pa. 353, 555 A.2d 1228 (1989), announced the following rule:

[I]f a person commits one act of criminal violence, and that act is the only basis upon which he may be convicted of another crime, the act will merge into the other crime. If, however, the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

521 Pa. at 364, 555 A.2d 1233.

The act of driving under the influence is the only basis upon which Voshall could have pleaded to the crime of homicide by vehicle while driving under the influence. He did not commit any other criminal act beyond that which was necessary to establish the bare elements of homicide by vehicle while driving under the influence. Therefore, pursuant to the *Weakland* analysis, the offense of driving under the influence merges into the crime of homicide by vehicle while driving under the influence. Accordingly, we vacate the judgment of sentence entered pursuant to Voshall's plea to driving under the influence (75 Pa.C.S.A. § 3731(a)(1) and (a)(4)), only.

▇ Voshall's next and final issue relates to a discretionary aspect of his sentence. He claims that the sentencing court abused its discretion in imposing a harsh and excessive sentence. This issue does not even rise to the level of a substantial question to merit consideration.

Voshall maintains, first, that the sentencing court failed to consider the nature of the crime, his character and background and his prior criminal record. He contends, secondly, that he did not act intentionally and wantonly and, therefore, that he must be held to a lower standard of culpability than one who acts premeditatively and maliciously. Thirdly, Voshall avers that his plea of *nolo contendere* shows remorse and that he expressed the same at sentencing. The trial court, he claims, did not adequately consider this when sentencing him to the maximum term. Finally, Voshall alleges that the sentence fails to meet his rehabilitative needs and is disproportionate to the necessity of protecting the community.

However, Voshall has chosen to ignore the plain mandate of Section 3735(a) that "the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years." It is well-settled that a mandatory sentencing provision restricts the sentencer's discretion to be lenient in imposing punishment. *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985) (Larsen, J., concurring and joining the majority), *cert. granted sub nom, McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). As noted above, we are vacating the one-to-two-year sentence which Voshall received as a result of his plea to driving under the influence. This leaves Voshall with two consecutive terms of three and one-half to seven years' imprisonment on each of the two counts of homicide by vehicle while driving under the influence. We believe that this punishment comports with the mandatory sentencing provision of Section 3735(a). Moreover, the outer limits of Voshall's remaining sentences fall within the statutory bounds of third-degree felonies. *See* 18 Pa.C.S.A. § 1103(3).

Judgment vacated with regard to sentence imposed for violation of driving under the influence (75 Pa.C.S.A. § 3731(a)(1) and (a)(4)), only. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting.

I dissent from the determination of the Majority that concludes that driving under the influence is a lesser included offense for sentencing purposes with the crime of homicide by vehicle while driving under the influence. The Majority relies upon *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989) and *Commonwealth v. Weakland*, 521 Pa. 353, 555 A.2d 1228 (1989) to support its position. However, having read those cases I do not find that they have either directly or sub silentio overruled a previous Supreme Court case of *Commonwealth v. McCane*, 517 Pa. 489, 539 A.2d 340 (1988). In the *McCane* case the Supreme Court held categorically that the crimes of driving under the influence and homicide by vehicle while driving under the influence do not merge for sentencing purposes. The Court stated:

> [D]riving under the influence of alcohol or a controlled substance is part of the statutory definition of the offense of homicide by vehicle while driving under the influence. The statute requires that an accused by convicted of driving under the influence before he can be found guilty under § 3735 (Homicide by Vehicle While DUI). To this extent driving under the influence is included in the vehicular homicide offense. It is not, however, an included offense in the same sense as larceny is necessarily included in robbery. It is not required that an accused be found guilty of a larceny and that the commission of the larceny caused the loss before he can be found guilty of robbery. Likewise, it is not required that a defendant be found guilty of violating 2701 of the Crimes Code (Assault) and that such violation was the cause of the victim's death in order to be found guilty of murder.

539 A.2d at 345.

I believe that *Commonwealth v. McCane* is still the law of the Commonwealth of Pennsylvania and for that reason I

**56**

dissent from that portion of the Majority's disposition of this matter which would seek to include the DUI offense with the homicide by vehicle while DUI.