**Stallings v. PennDOT**

*Mark S. Love,* for petitioner.
*Frank M. O'Neill, assistant counsel,* for PennDOT.

O'BRIEN, *J.,* July 9, 1993—

## I. FINDINGS OF FACT

(1) On October 18, 1991, a vehicle operated by petitioner was involved in a collision resulting in the death of an occupant of the other vehicle. As a consequence of this event, on November 6, 1992 following a jury trial, the petitioner was convicted of driving under the influence of alcohol (75 Pa.C.S. §3731) and homicide by vehicle while under the influence of alcohol (75 Pa.C.S. §3735). The petitioner was sentenced, inter alia, to serve a period of incarceration in a state correctional facility

for a period of not less than three nor more than six years.

(2) On November 22, 1991, the petitioner was arrested and charged with operating his vehicle while under the influence of alcohol. As a consequence of this occurrence, he was convicted on September 10, 1992 of driving under the influence of alcohol. The petitioner was sentenced, inter alia, to serve a period of incarceration of not less than four months nor more than one year.

(3) On March 16, 1993, the Department of Transportation notified petitioner that his operating privileges would be suspended for two consecutive periods of one year each as a result of his convictions.

(4) On April 13, 1993, the petitioner surrendered his operating license to the Department of Transportation to commence the applicable period of his suspension of operating privileges.

(5) On April 29, 1993, the Department of Transportation of the Commonwealth of Pennsylvania notified petitioner that his operating privileges were being revoked for a period of five years as a habitual offender.

## II. DISCUSSION

The Pennsylvania Motor Vehicle Code provides in relevant part as follows:

"Revocation of habitual offender's license

"(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person

has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

"(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender." (75 Pa.C.S. §1542.)

Counsel for petitioner does not dispute the two consecutive one year suspensions imposed for petitioner's offenses but has appealed from the five year revocation premised on petitioner being a habitual offender. The petitioner contends that his record does not include three convictions arising from "separate acts" of the enumerated offenses. This conclusion is premised on the fact that a single act on October 18, 1991 resulted in two convictions (75 Pa.C.S. §§3735 and 3731).

In *Frontini v. PennDOT,* 527 Pa. 448, 593 A.2d 410 (1991), our Supreme Court reversed a suspension premised on the habitual offender statute for a party convicted of homicide by vehicle and driving under the influence and stated the following:

"The apparent thrust of the habitual offender statute is to punish persons who make a 'habit' of violating the more serious provisions of the vehicle code, thus causing themselves to be a menace to the other licensed drivers in Pennsylvania. Thus, the habitual offender statute is recidivist in nature, concerning itself with the number of prior acts committed by the offender, as opposed to the multiple consequences of any one act...." *Id.* at 451, 593 A.2d at 412.

"In the present case we have an individual, who by a single act caused multiple consequences. The propriety

of the multiple criminal sanctions he must suffer as a result of that act is without question. However, for the purpose of a recidivist penalty it would be unjust, and in derivation of the intent of the statute, to separate out the consequences of this one act in order to catagorize [sic] this individual as a person with a propensity to commit repeated offenses." *Id.* at 452, 593 A.2d at 412.

Therefore, we conclude that the Department of Transportation has failed to establish that the petitioner is a "habitual offender" as contemplated by the statute. Thus our conclusion as to the administrative treatment of a single act resulting in a conviction for driving under the influence and homicide by vehicle while driving under the influence is consistent with the treatment afforded such an event for criminal sentencing purposes. See *Commonwealth v. Voshall,* 387 Pa. Super. 47, 563 A.2d 936 (1989), *affirmed* 529 Pa. 571, 605 A.2d 1222 (1992).

## III. CONCLUSIONS OF LAW

(1) The Department of Transportation has failed to establish that the defendant has accumulated three convictions arising from separate acts within the past five years.

(2) The consecutive one year suspensions issued by the Department of Transportation on March 16, 1993 are valid.

## ORDER

And now, July 9, 1993, the order of the Department of Transportation dated April 29, 1993 suspending petitioner's operating privileges for a period of five years as a habitual offender is reversed.