683 A.2d 890

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Richard CAINE, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1996.

Filed Sept. 9, 1996.

236

David M. McGlaughlin, Philadelphia, for appellant.

Anthony Pomerantz, Assistant District Attorney, Philadelphia, for the Commonwealth, appellee.

Before McEWEN, President Judge, and DEL SOLE, BECK, TAMILIA, KELLY, POPOVICH, JOHNSON, HUDOCK and SCHILLER, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence after Appellant was convicted in a non-jury trial of homicide by vehicle while driving under the influence.[1] The trial judge

1. 75 Pa.C.S.A. § 3735.

found Appellant not guilty of all other charges which included the following: murder, involuntary manslaughter, simple assault, aggravated assault, recklessly endangering another person, homicide by vehicle and driving under the influence.[2] Timely filed post-verdict motions were denied, and Appellant was sentenced to three and one-half to seven years in prison. This direct appeal followed. We must reverse.

The facts underlying Appellant's conviction may be summarized as follows: On the night of August 15, 1993, Appellant drove his automobile southbound on Verree Road in Philadelphia. Witnesses viewed Appellant make multiple, erratic lane changes without signalling, travel at a high rate of speed, and run two red lights. Upon speeding through the second red light at approximately eighty miles per hour, Appellant struck another car in which the victim was a passenger. A police officer at the scene questioned Appellant and detected the odor of alcohol on him. Appellant admitted that he drank three beers.

The driver and victim were taken to the hospital where the victim ultimately died of her injuries. The cause of death was blunt force injury to the head. Appellant was also taken to the hospital where another police officer further questioned him about the collision and again detected the odor of alcohol on him. Appellant stated, "I was so f* * * *d up, I don't remember this auto accident." N.T., 1/29/94, p. 61. After signing three forms authorizing consent, Appellant submitted to blood testing.

Blood tests revealed that approximately one hour after the collision, Appellant's blood alcohol content was .19%. Approximately two and one-half hours after the collision, Appellant's blood alcohol content was .16%. The Commonwealth's expert testified at trial that Appellant's blood alcohol content at the time of the accident was greater than .19%.

Appellant raises the following issues on appeal:

2.  18 Pa.C.S.A. §§ 2502, 2504, 2701, 2702, 2705, 75 Pa.C.S.A. §§ 3732 and 3731, respectively.

I. WAS THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN HIS CONVICTION FOR HOMICIDE BY VEHICLE WHILE DRIVING UNDER THE INFLUENCE, 75 PA.C.S.A. § 3735, WHERE:

(A) [APPELLANT] WAS NOT CONVICTED OF DRIVING UNDER THE INFLUENCE, 75 PA.C.S.A. § 3731, WHICH IS A PRE–REQUISITE FOR A CONVICTION; AND,

(B) ABSOLUTELY NO EVIDENCE WAS PRESENTED THAT THE MANNER OF DEATH IN THIS CASE WAS HOMICIDE?

II. DID THE COURT ERR WHEN IT FAILED TO GRANT [APPELLANT'S] OMNIBUS PRE–TRIAL MOTION AS TO THE CONSTITUTIONALITY OF 75 PA. C.S.A. § 3735?

III. DID THE COURT ERR IN SENTENCING [APPELLANT] TO THREE AND ONE HALF TO SEVEN YEARS IN A STATE PENITENTIARY, WHERE THE GRADING OF 75 PA.C.S.A. § 3735 SHOULD BE NO HIGHER THAN A SUMMARY OFFENSE BY OPERATION OF 18 PA.C.S.A. § 305(B)?

Appellant's Brief, at p. 3.

In reviewing a challenge to the sufficiency of the evidence, this Court must determine "whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth [as verdict winner], the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson*, 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984). This standard of review "is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988), *cert. den.*, 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990).

At the time of the incident at issue, the pertinent statutes provided as follows:

**§ 3735. Homicide by vehicle while driving under [the] influence**

(a) **Offense defined.**—Any person who unintentionally causes the death of another person as the direct result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) *and who is convicted of violating section 3731* is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S.A. § 3735(a) (emphasis added).[3]

**§ 3731. Driving under the influence of alcohol or controlled substance.**

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

.    .    .    .    .

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater[.]

75 Pa.C.S.A. § 3731(a)(1) & (4).

■ Homicide by vehicle while driving under the influence consists of three elements: "[1] a driving under the influence conviction, [2] the death of another person, and [3] the death as a direct result of driving under the influence." *Commonwealth v. Molinaro,* 429 Pa.Super. 29, 34, 631 A.2d 1040, 1042 (1993). Driving while legally intoxicated must be the "direct and substantial cause of the accident and the victim's death." *Id.*

3. In a 1996 amendment to subsection (a), the Legislature deleted the word "direct" and changed the offense from a third degree felony to a second degree felony.

Appellant first argues that the evidence was insufficient to sustain his conviction for homicide by vehicle while driving under the influence because the court did not convict him of driving under the influence, which is an element of homicide by vehicle while driving under the influence.

■ We are constrained to agree and reluctantly reverse Appellant's conviction. Given the clear language of section 3735, we must concede that the trial court's failure to formally "convict" Appellant of driving under the influence renders the evidence insufficient to support Appellant's conviction of homicide by vehicle while driving under the influence as a matter of law. Reduced to its essence, the legal issue is whether a conviction of homicide by vehicle while driving under the influence requires a formal conviction for driving while under the influence. We can read the statute no other way than that it does.

The trial court found Appellant guilty of homicide by vehicle while driving under the influence, and not guilty of all other charges, including driving while under the influence:

[THE COURT]: What I'm going to do is, I'm going to find [Appellant] not guilty of all charges except homicide by vehicle while driving under the influence.

So, [Appellant], I find the evidence in this case to be, in my judgment, overwhelming that this accident was caused by the fact that you were driving on Verree Road while you were in such an intoxicated state that you had no business to be behind a wheel. And that your behavior in continuing to drive ultimately caused the death of [the victim].

And for that reason, I'm finding you guilty.

N.T., 9/29/94, pp. 375.

■ Preliminarily, the Commonwealth argues that because Appellant failed to object to this discrepancy immediately upon the judge's announcement of the verdict, Appellant waived this issue. We cannot agree. There is no authority for waiver in this context. We have held that failure to object to an obviously inconsistent verdict at the time the verdict was announced constituted waiver when the defendant waited until

he filed post-verdict motions to raise the issue. *Curran v. Greate Bay Hotel and Casino,* 434 Pa.Super. 368, 374–78, 643 A.2d 687, 690–91 (1994), *alloc. den.,* 539 Pa. 678, 652 A.2d 1323. However, *Curran* was a civil case and merely involved an inconsistent verdict. In this case, we are faced with a failure to satisfy one of the elements of the offense in a criminal action.

Homicide by vehicle while driving under the influence specifically requires, as one of its elements, that the Appellant be "convicted of violating section 3731[.]" 75 Pa. C.S.A. § 3735(a). Although "[s]trict construction of a penal statute does not require that the words of the statute be given their narrowest meaning[,]" the intent of the legislature must not be ignored. *Commonwealth v. Johnson,* 376 Pa.Super. 121, 126, 545 A.2d 349, 354 (1988). In the absence of contrary explanation in the statute and legislative history as to the requirement and meaning of "conviction," we must give the word its ordinary meaning. Conviction is defined as "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Black's Law Dictionary 301 (5th ed. 1979).[4] In this case, the trial judge found Appellant not guilty of the section 3731 charge of driving under the influence. Thus, Appellant's section 3735(a) conviction cannot stand. *See Johnson,* 545 A.2d at 349 (section 3735 does not require separate trials; "[t]he statute requires only that there can be no conviction for homicide by vehicle while under the influence of alcohol in violation of 75 Pa.C.S.

---

4. We note that Pennsylvania's homicide by vehicle while driving under the influence statute expressly requires "conviction" of the underlying driving under the influence charge. Similar statutes in other states do not require conviction; they only require "violation" by finding that the elements of driving under the influence exist. Compare Florida's equivalent statute:

Any person:
   (a) Who is in violation of [the DUI section];
   (b) Who operates a vehicle; and
   (c) Who, by reason of such operation, causes:
           *       *       *       *       *       *
   3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided. . . .
Fla.Stat.Ann. § 316.193(3) (West 1995).

§ 3735(a) unless there is also a conviction of driving under the influence of alcohol in violation of 75 Pa.C.S. § 3731.").

■ The Commonwealth argues that a formal conviction is not necessary, relying on *Commonwealth v. Voshall*, 387 Pa.Super. 47, 563 A.2d 936 (1989), *aff'd*, 529 Pa. 571, 605 A.2d 1222 (1992). In *Voshall* we held that "the offense of driving under the influence merges into the crime of homicide by vehicle while driving under the influence." *Id.* 563 A.2d at 939. However, the doctrine of merger only applies for sentencing purposes and does not eliminate the need for the factfinder to find that all elements of a particular offense are satisfied before conviction can occur. Thus, we find that the Commonwealth's reliance upon *Voshall* is misplaced.

■ The Commonwealth additionally argues that the trial judge merely rendered inconsistent verdicts. We have held that "[c]onsistency in verdicts in criminal cases is not necessary." *Commonwealth v. Swann*, 431 Pa.Super. 125, 128, 635 A.2d 1103, 1104 (1994), *alloc. den.*, 538 Pa. 669, 649 A.2d 671 (citations omitted). It is well settled that juries may render inconsistent verdicts. *Id.* Pursuant to Pa.R.Crim.P. 1101, 42 Pa.C.S.A., judges have the same powers as juries when a jury trial is waived. Accordingly, a judge, in a non-jury trial, has the power to render inconsistent verdicts. *Commonwealth v. Harris*, 239 Pa.Super. 603, 605, 360 A.2d 728, 729 (1976). Again, we disagree.

This is not a case of inconsistent verdicts. Rather, the trial judge's verdict was in error because of the specific failure to satisfy a required element of section 3735—a "conviction" of violating section 3731. This failure may have been a oversight, but since the trial judge found Appellant not guilty of the section 3731 charge, the judge's action is beyond amendment. *See Commonwealth v. Wimberly*, 488 Pa. 169, 171–73, 411 A.2d 1193, 1194 (1979) (*quoting United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978)) (citation omitted) ("a defendant is acquitted [ ] when 'the ruling of the judge, whatever its label, actually represents a resolution [in the

defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'").

We are not unmindful of the fact that our decision discharges someone whose conduct was shocking, outrageous and deplorable, and whose guilt of the offense of driving under the influence seems quite clear. As a reviewing court, however, we cannot change the fact that Appellant was found not guilty of that offense. The most elemental notions of double jeopardy enshrined in our Constitutions prevent his retrial on that charge and prevent us from changing that verdict of not guilty. Since he was not "convicted" of driving under the influence and since such a conviction is a *sine qua non* to a conviction of violating 75 Pa.C.S.A. section 3735, the conviction of the latter offense must be vacated.

Since we have found substantive grounds for reversal based upon disposition of Appellant's first issue on appeal, we do not reach the remaining issues.

Judgment of sentence is reversed and Appellant is discharged. Jurisdiction relinquished.

TAMILIA, J., notes his dissent.