J-S63006-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JACOB ANDREW VRUDNEY | |
| Appellant | No. 1435 WDA 2016 |

Appeal from the Order Dated September 12, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004704-2013

BEFORE:  BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    FILED DECEMBER 27, 2017

Jacob Andrew Vrudney appeals from his judgment of sentence of three to six years incarceration, imposed after a jury convicted him of homicide by vehicle while driving under the influence, homicide by vehicle, driving under the influence ("DUI") – general impairment, DUI – high rate of alcohol, DUI by a minor, reckless driving, and numerous other summary traffic offenses. We affirm.

On June 23, 2012, Andrew Lysell died following a tragic motor vehicle accident. During the previous evening and early morning hours of the day in question, the victim, Appellant, and Michael Kralovic, each eighteen years old, drank several alcoholic beverages. Shortly before 5:30 a.m., Appellant and Mr. Kralovic decided to leave a party. They agreed to travel by different

routes to Mr. Kralovic's house in order to see who would arrive first. Mr. Lysell traveled with Mr. Kralovic in a Lincoln sedan, and Appellant drove separately in a Ford S-10 pickup truck.

While traveling eastbound at eighty-five miles per hour in a forty-five mile per hour zone, Mr. Kralovic failed to negotiate an uphill curve along Saltsburg Road, in Murrysville, Westmoreland County. The car veered across the road and onto an embankment. It then flipped and slid back across the road, coming to rest at an angle in the eastbound lane. Mr. Kralovic and Mr. Lysell exited the vehicle, and Mr. Kralovic retreated to safety at the side of the road. Mr. Lysell, on the other hand, exited into the middle of the westbound lane. At this moment, Appellant, traveling seventy-eight miles per hour, sideswiped the overturned Lincoln and hit Mr. Lysell as he stood in the westbound lane. Upon impact, Mr. Lysell's body was thrown approximately thirty yards down the road, where he sustained a severe head injury upon impact. As a result of that impact, and several other grave injuries, Mr. Lysell perished. Following the accident, a blood test indicated that Appellant had a blood alcohol content ("BAC") of 0.154%, and Mr. Kralovic had a BAC of 0.135% within two hours of operating their vehicles.

Based on the foregoing, Appellant was charged with the aforementioned offenses. After protracted pre-trial litigation, including numerous continuances, a joint, three-day jury trial commenced on January

12, 2016. The jury returned a verdict of guilty to all non-summary offenses, and the court subsequently found him guilty of all summary offenses, except for one count of purchasing alcohol by a minor. Thereafter, Appellant was sentenced to the statutory mandatory minimum sentence of three to six years incarceration for homicide by vehicle while DUI, and a concurrent sentence of nine to eighteen months imprisonment for homicide by vehicle. The trial court did not impose any further punishment at the remaining counts.

Following sentencing, trial counsel sought leave to withdraw, which was granted, and instant counsel was appointed. Counsel filed a post-sentence motion, which the trial court denied on September 13, 2016. Appellant filed a timely notice of appeal, and complied with the trial court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The trial court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

Appellant presents two issues for our review:

1. Whether the Court of Common Pleas erred in maintaining the Appellant's guilty verdict was supported by sufficient evidence, despite it being inconsistent with co-defendant's guilty verdict for Vehicular Homicide While DUI.

2. Whether [the] Court of Common Pleas erred in maintaining the Appellant's guilty verdict was supported by the weight of the evidence.

Appellant's brief at 2.

Appellant first challenges the sufficiency of the evidence underpinning his conviction for homicide by vehicle while DUI. We are guided by the following principles:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

Commonwealth v. Moyer, 171 A.3d 849, 852 (Pa.Super. 2017) (citation omitted).

The Vehicle Code defines the offense of homicide by vehicle while DUI as:

> Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of the violation of section 3802.

75 Pa.C.S. § 3735(a).

In order to establish homicide by vehicle while DUI, the Commonwealth must prove beyond a reasonable doubt: "[1] a driving

under the influence conviction, [2] the death of another person, and [3] the death [was] a direct result of driving under the influence." Commonwealth v. Tanner, 61 A.3d 1043, 1047 (Pa.Super. 2013) (citing Commonwealth v. Caine 683 A.2d 890 (Pa.Super. 1996) (en banc)).

Appellant's argument is straightforward. He alleges that the jury erred in determining that he was the direct cause of the victim's death. Instead, he posits that he would not have hit the victim if Mr. Kralovic had not crashed his vehicle first, causing the victim to scramble from the overturned Lincoln and into the path of oncoming traffic. Further, Appellant maintains that the jury's verdict, which convicted both him and Mr. Kralovic of homicide by vehicle while DUI, was inconsistent since it held both individuals directly accountable for the victim's death. As such, he concludes the evidence fails to support his conviction for homicide by vehicle while DUI. We disagree.

Instantly, when viewing the record in the light most favorable to the Commonwealth as verdict winner, there is ample support to find Appellant guilty beyond a reasonable doubt of homicide by vehicle while DUI. It is uncontested that Appellant was convicted of DUI after being found to have operated his vehicle with a BAC of 0.154%, and that the accident resulted Mr. Lysell's death. Further, the testimony revealed that Appellant was driving at seventy-eight miles per hour around a curve in a forty-five mile per hour zone, when he struck the victim with his pickup truck. Although

there were a number of factors which alone constituted dangerous driving, driving while intoxicated was clearly the most egregious element contributing to the events that lead to Mr. Lysell's death. We have no doubt that the jury could find that Appellant's DUI was a direct cause of Mr. Lysell's demise. Hence, no relief is due.

Next, Appellant assails the weight of the evidence supporting his conviction for homicide by vehicle by DUI. We have long held that "[a] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." Commonwealth v. Thompson, 106 A.3d 742, 758 (Pa.Super. 2014) (citation omitted). Further, "[w]here a trial court has ruled on a weight claim, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." Id. Instead, "[our] review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." Id. In so determining, we may not reweigh the evidence or substitute our credibility determinations for that of the factfinder. Id. Finally, "[a] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice," that is, the evidence must be "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." Id.

In this regard, Appellant merely rehashes his contention that his conviction cannot be maintained since the jury determined that both

vehicular accidents directly caused the victim's death. He concludes that this inconsistency should shock the conscience of the court.

The trial court reviewed Appellant's weight claim and determined that all of the evidence available to the jurors supported Appellant's conviction, including testimony by the responding officer, the Commonwealth's expert witnesses, and the testimony provided by the police officer who prepared an accident reconstruction report. After reviewing this evidence, the trial court concluded that "the evidence presented at trial clearly shows [] the reckless conduct of both [Appellant] and Mr. Kralovic, and that both defendants were direct and substantial factors in bringing about the death of Mr. Lysell." Trial Court Opinion, 11/1/16, at 9. Since the trial court applied the appropriate standard of review and determined that the evidence presented at trial was not so tenuous as to shock its sense of justice, we discern no abuse of discretion in its conclusion that the verdict was not against the weight of the evidence.[1]

_____

[1] As a final matter, we observe that Appellant's sentence is premised upon the application of the mandatory minimum sentence provision contained within 75 Pa.C.S. § 3735. Recent United States and Pennsylvania Supreme Court case law has caused this Court to look with a suspicious eye toward the application of any mandatory minimum sentence. See Alleyne v. United States, 133 S.Ct. 2151 (2013); Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015) (finding 18 Pa.C.S. § 6317 unconstitutional); Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016) (finding 42 Pa.C.S. § 9718 unconstitutional).

(Footnote Continued Next Page)

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/27/2017

(Footnote Continued) ————————————

In those cases, our Supreme Court has stressed that certain features of those sentencing provisions cannot be maintained in light of Alleyne, notably, any statute that requires the sentencing judge, as opposed to the jury, to find at sentencing any fact that increases punishment. As § 3735 does not display the traditional hallmarks of a statute that conflicts with Alleyne, and Appellant has not challenged the constitutionality of his sentence, we will not analyze that issue herein, despite our ability to do so sua sponte.  Commonwealth v. Mosley, 114 A.3d 1072, 1087 (Pa.Super. 2015).  Nevertheless, we are cognizant that our Supreme Court continues to grapple with the constitutionality of various mandatory minimum sentence statutes.  See Commonwealth v. Resto, 125 A.3d 449 (Pa.Super. 2015), petition for allowance of appeal granted, 636 Pa. 462 (Pa. 2016).