**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS GENE DEMORA, | : | |
| | : | |
| Appellant. | : | No. 1466 EDA 2018 |

Appeal from the Judgment of Sentence, January 29, 2018,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s):  CP-09-CR-0003841-2017.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:                     **FILED JULY 12, 2019**

Louis Gene Demora appeals from the judgment of sentence entered after a jury found him guilty of murder in the third degree, homicide by vehicle while driving under the influence, homicide by vehicle, and driving under the influence of a controlled substance.[1]  Upon review, we affirm.

The facts are fully set forth in the trial court's opinion.  Briefly, we note Demora's convictions arose out of a deadly motor vehicle accident.  Demora was driving a minimum of 88 MPH on River Road, in Bucks County, Pennsylvania, which was posted with a 25 MPH speed limit.  At the time, Demora was under the influence of heroin, cocaine, and Xanax, with thoughts of suicide.  Meanwhile, Jenna Richards, 22 years old, was on her way to the

---

[1] 18 Pa.C.S.A. § 2502(c), 75 Pa.C.S.A. § 3735, 75 Pa.C.S.A. § 3732, and 75 Pa.C.S.A. § 3802(d)(ii).

---

*   Retired Senior Judge assigned to the Superior Court.

gym, driving approximately 15 MPH, when she made a left hand turn into Demora's lane of travel; Demora struck the passenger side of Richards' car. The force from the impact catapulted Richards' car into the air. Richards' car landed on top of a parked car some distance away, which was pushed into another parked vehicle. Richards was killed instantly. When the police arrived on the scene, Demora was walking around, unsteady on his feet, saying "I was just trying to kill myself." After an investigation, Demora was arrested and charged.

Following a four-day trial, a jury convicted Demora of the aforementioned charges. For third degree murder, the trial court sentenced Demora to 17 ½ to 40 years of incarceration; the trial court imposed sentences on the other convictions to run concurrently with this sentence.

Demora filed a post-sentence motion and a motion for reconsideration of his sentence. The trial court denied both. Demora timely filed a notice of appeal. Both Demora and the trial court complied with Pa.R.A.P 1925.

On appeal, Demora raises six issues:

A. Did the trial court abuse its discretion in denying a defense motion for a continuance?

B. Did the trial court abuse its discretion by allowing the results of [Demora's] urine screen as evidence at trial?

C. Did the trial court abuse its discretion by allowing the jury to physically see and inspect the wreckage of the vehicles operated by the victim and [Demora]?

D. Was the evidence presented at trial sufficient to establish the necessary element of causation, where the victim made an

improper left-hand turn into [Demora's] lane of travel causing the collision?

E. Was the jury verdict against the weight of the evidence?

F. Did the trial court abuse its discretion in sentencing [Demora] to a manifestly excessive sentence by not considering mitigating evidence?

Demora's Brief at 6-7.

In his first issue, Demora contends that the trial court abused its discretion in denying his motion to continue the trial. On the morning of trial, the Commonwealth notified Demora that it would be presenting two additional witnesses to testify regarding Demora's statements about suicide. According to Demora, the denial of additional time to investigate and prepare strategy to refute the testimony of these last minute witnesses was arbitrary and prejudicial. Demora's Brief at 18.

The trial court has broad discretion in granting or denying motions for a continuance. **See Ferko-Fox v. Fox**, 68 A.3d 917, 925 (Pa. Super. 2013). We review a trial court's decision to deny a continuance for an abuse of discretion. **Rutyna v. Schweers**, 177 A.3d 927, 933 (Pa. Super. 2018) (citations omitted). "An abuse of discretion exists where the trial court's determination overrides or misapplies the law, its judgment is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **See Majczyk v. Oesch**, 789 A.2d 717, 720 (Pa. Super. 2001). To determine whether the trial court abused its discretion, the following factors are considered: whether there is prejudice to the opposing party by a delay,

- 3 -

whether opposing counsel was willing to continue the case, the length of the delay requested, and the complexities of the case. *Rutyna v. Schweers*, 177 A.3d 927, 933 (Pa. Super. 2018).

The trial court based its denial of the continuance on the following:

> In the instant case, the Commonwealth sought to present the testimony of Volunteer Fire Chief Thomas Tryon and his wife, June Tryon on the first day of trial. In considering the above factors, it is most significant that the admitted testimony did not include any new information or new Commonwealth theories, instead the admitted evidence was merely cumulative and therefore not prejudicial. The Commonwealth sought to introduce two pieces of evidence: 1) statements made by [Demora] at the scene of the crash regarding his purported intention on the night in question to commit suicide and 2) newly discovered potential testimony related to whether [Demora] had his headlights on when the crash occurred. The Court only allowed testimony of the first item related to [Demora's] statements as those statements were merely cumulative and additional to [Demora's] other statements of which the Defense had full and ample notice. In considering the testimony related to the headlights, the Court determined that this evidence contained new information, in fact in large part it was a new theory, and mostly speculative, for which the Defense would have required an opportunity to prepare. Thus, the Court determined that to admit such evidence regarding headlights and not grant a continuance would have been unfairly prejudicial to the Defense and the court denied the continuance but rendered this new evidence of the headlight theory to be inadmissible.

> Conversely, the witness testimony related to [Demora's] statements at the scene were cumulative of the Commonwealth's theory of the case, as well as other witness testimony. [Demora] had been on notice of this theory of the case and other similar statements very early in this case and, thus, had ample opportunity to prepare to confront this evidence. In Chief Tryon's testimony, he described the scene as he observed it and the statement made to him by [Demora]. That statement, as Chief Tryon testified, was, "I just didn't want to hurt nobody; I just wanted to commit suicide." June Tryon, who was also at the scene, testified that [Demora] stated, "I didn't mean to hurt

anybody." And "I just wanted to kill myself." Because [Demora'a] counsel was well-aware of this theory, he had ample opportunity to prepare for and address the issue of [Demora's] state of mind. The testimony itself was neither complex nor completely new to the Defense and, therefore, the Court did not abuse its discretion in admitting it.

Trial Court Opinion, 9/14/18, at 13-14 (citations to record omitted). Considering the trial court's rationale, we agree with the trial court that it did not abuse its discretion by denying Demora's motion for a continuance.

In his second and third issues, Demora contends that the trial court erred in admitting certain evidence into the record. In particular, Demora claims that the trial court erred in allowing his urine screen results into the record, and allowing the jury to physically view and inspect the wreckage of Demora and Richards' vehicles. Demora's Brief 20, 22.

Our standard for evaluating a challenge to the trial court's evidentiary rulings is well settled. The decision to admit or exclude evidence is committed to the trial court's sound discretion, and evidentiary rulings will only be reversed upon a showing that a court abused that discretion. *Commonwealth v. Laird*, 988 A.2d 618, 636 (Pa. 2010). A finding of abuse of discretion may not be made "merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id*.

First, Demora claims that the result of his urine screening should not have been admitted into evidence because it had minimal probative value.

- 5 -

The urine drug screen record contained a disclaimer which indicated that because it was only a screen, the positive results had not been confirmed and could contain false positives. Thus, the probative value of the screening results was speculative at best. By allowing it into the record, Demora claims the trial court abused its discretion.[2] Demora's Brief at 20.

It is well-established that evidence is admissible if it is relevant. Evidence is relevant if it "[l]ogically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." ***Commonwealth v. Williams***, 896 A.2d 523, 539 (Pa. 2006). Pennsylvania Rule of Evidence 403 permits the court to exclude relevant evidence if its probative value is outweighed by a danger of unfair prejudice. Pa.R.E. 403. "Unfair prejudice" means "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." ***Id.*** (comment); ***Castellani v. Scranton Times, L.P.***, 124 A.3d 1229, 1245 (Pa. 2015).

The trial court explained its rationale for admitting the evidence as follows:

> [Demora's] urine sample presented at trial was not used as the
> sole evidence of impairment as the Commonwealth introduced

---

[2] Initially, we note that Demora provides no real argument or analysis or citation to relevant case law in support of his claim. In such circumstances, this Court may find the issue waived. ***Commonwealth v. Kane***, 10 A.3d 327, 331-32 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011). However, we decline to do so and consider Demora's issue.

corroborating evidence in the form of [Demora's] own words that he was high on heroin and had used cocaine and Xanax. [Demora] made statements about the use of drugs both at the scene of the crash and at the hospital. [Demora's] counsel had the opportunity to address the weight of the evidence during cross, closing, and in his own case in chief.

The Court was made aware of [Demora's] concerns related to the introduction of the urine sample and, addressing this concern, instructed the jury on its limited use. [Although Demora] reserved his right to raise this issue on appeal, the evidence was ultimately introduced as a stipulation with this additional instruction from the Court: ". . . while [Demora] was at the hospital his urine was tested for the presence of these drugs, the presence of the drugs in a person's system alone in and of themselves, is not sufficient for you to conclude that [Demora] was impaired at the time of the accident." There is no reason to believe that the jury ignored the court's instruction when deciding to find that [Demora] was impaired at the time of the crash

Trial Court's Opinion, 9/14/18, at 9-10. Here, the trial court determined the probative value of the evidence outweighed any unfair prejudice. The trial court instructed the jury regarding how to treat the evidence. Generally, a jury is presumed to follow instructions. *Castellani*, 124 A.3d at 1247. Moreover, there was other evidence of Demora's impairment. Considering these circumstances, the admission of this evidence was not manifestly unreasonable, based on partiality, prejudice, bias, or ill will. We therefore conclude that the trial court did not err or abuse its discretion by admitting Demora's drug screen results.

Demora also claims that the trial court abused its discretion in allowing the jury to physically view and inspect the wrecked vehicles driven by Richards and Demora. Demora argues that this evidence was so prejudicial that it inflamed the jury to the point that it caused them to decide the case based

upon emotion and sentiment rather than the key issue of causation. Demora's Brief at 22.

In concluding that it correctly allowed the jury to view the wreckage, the trial court likened the vehicles to instruments of a crime, which the courts frequently allow a jury to view. Thus, the jury was able to view first-hand the actual instruments, *i.e.*, the vehicles that Demora used in the perpetration of the charged crimes. Trial Court Opinion, 9/14/18, at 10. The trial court further reasoned that:

> The physical evidence of the vehicles [was] relevant to prove, or at the very least, make more probable that the crash caused the death of the victim, an essential element of the charged crimes. It was also relevant to show the extreme recklessness and [conscious] disregard for the value of human life by which [Demora] was operating his vehicle.
>
> The probative value of the vehicles far outweighed any potential prejudice to [Demora], as the vehicles presented [] the jury with the best evidence of what actually occurred and what damage [Demora] did in fact cause by his actions. [Demora] introduced the expert testimony of an accident reconstructionist, which further made the positioning of the vehicles an important issue for the jury. [Demora's] expert, contradicting the Commonwealth's law enforcement expert, sought to convince the jury that the victim was in large part responsible for the accident, and therefore [Demora] was not responsible for her death. As part of this factual and/or expert debate, it was relevant for the jury to see the actual damage of the vehicles to determine whether or not it was the speed and extreme recklessness (up to and including malice) of [Demora's] driving that led to, or caused the victims death. . . . That is to say, while [Demora's] expert indicated that due to the victim having made a left hand turn into the path of [Demora's] vehicle, the accident would have occurred regardless of [Demora's] speed, it was reasonable for the jury to see the actual vehicle to determine or surmise whether or not the damage to the vehicles would have been the same, and/or whether the injuries to the victim would have been the same if [Demora] would have

- 8 -

been driving in accordance with the 25 MPH speed limit as opposed to the minimum 88 MPH speed he was doing.

\*\*\*

Further, the state of the vehicles after the crash was highly probative as it was an important part of the Commonwealth's case in chief. In order for the Commonwealth to support a charge of Third Degree Murder, the Commonwealth needed to prove the killing was with malice. Malice is proven when the perpetrator's actions show a wanton and willful disregard of an unjustified and extremely high risk that his conduct would result in the death or serious bodily injury to another, demonstrating and extreme indifference to the value of human life.

Trial Court Opinion, 9/14/18, at 11-12. From this, it is evident that the trial court gave thoughtful consideration to the import of this evidence and appropriateness of its admission into the record. The decision to admit this evidence was not manifestly unreasonable and was not based on partiality, prejudice, bias, or ill will. Nor was there a lack of support to be clearly erroneous. We therefore conclude that the trial court did not abuse its discretion by admitting the physical evidence of the vehicles.

In his fourth issue, Demora argues that the evidence was insufficient to establish the element of causation necessary for convictions of third degree murder, homicide by vehicle, and homicide by vehicle while driving under the influence. Specifically, Demora contends that the evidence showed that Richards' conduct was the cause of accident. His expert testified that even if Demora had been going the speed limit, it still would not have been safe for Richards to make a left-hand turn in front of Demora's vehicle. According to Demora, this is further compounded by the fact that Richards cut her turn

short and failed to assure a clear safe distance. Demora's Brief at 22, 27.

Therefore, Demora claims the evidence was not sufficient to support his

convictions. *Id.* at 24.

> In reviewing a sufficiency of the evidence claim,
>
> we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations

omitted). However, "the inferences must flow from facts and circumstances

proven in the record, and must be of such volume and quality as to overcome

the presumption of innocence and satisfy the jury of an accused's guilt beyond

a reasonable doubt." *Commonwealth v. Scott*, 597 A.2d 1220, 1221 (Pa.

Super. 1991). "The trier of fact cannot base a conviction on conjecture and

speculation and a verdict which is premised on suspicion will fail even under

the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency

is a question of law, our standard of review is *de novo* and our scope of review

is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

With these principles in mind, we address Demora's sufficiency claim.

Third-degree murder is defined in the Crimes Code as "[all] other kinds

of murder" other than first-degree murder or second-degree murder. 18

Pa.C.S.A. § 2502(c). The elements of third-degree murder, as developed by

case law, are a killing done with legal malice but without the specific intent to kill required in first-degree murder. *See Commonwealth v. Pitts*, 404 A.2d 1305 (Pa. 1979). Causation is an essential element of a charge of criminal homicide, which the Commonwealth must prove beyond a reasonable doubt. *Commonwealth v. Webb*, 296 A.2d 734, 737 (Pa. 1972).

To prove homicide by vehicle while driving under the influence, the Commonwealth must demonstrate that the accused was driving under the influence and that this violation caused the victim's death. *Commonwealth v. McCurdy*, 735 A.2d 681 (Pa. 1999). Driving under the influence must be a direct and substantial cause of and the accident and the victim's death. *Commonwealth v. Caine*. 683 A.2d 890, 892 (Pa. Super. 1996).

Similarly, to prove homicide by vehicle, the Commonwealth must demonstrate that the defendant violated the Vehicle Code, and that the violation was a direct and substantial cause of the victim's death and the fatal result was not extraordinary or remote. *Commonwealth v. Petroll*, 696 A.2d 817, 823 (Pa. Super. 1997).

The evidence showed that, in this accident, Richards sustained multiple injuries, including serious brain trauma, which would have rapidly resulted in death. The Commonwealth presented evidence that Demora was traveling at least 88 MPH in a 25 MPH zone. Additionally, the Commonwealth presented evidence that at the time of the accident, Demora was under the influence; he had heroin, cocaine, and Xanax in his system. Significantly, the Commonwealth's accident reconstruction expert testified that had Demora

been driving at 25 or even 50 MPH, the crash would not have occurred. At 70 MPH, an accident would have occurred, but would have been less severe. Additionally, Demora's impairment affected his reaction time and ability to see Richards' turn signal.

Based upon this evidence, the Commonwealth's expert concluded that, although Richards' left-hand turn was a factor in the accident, it was not the primary cause of the accident. Rather, in his opinion, Demora's impairment and speed were the cause of the accident, and specifically a direct and substantial factor.

In support of his argument that he did not cause the death of Richards, Demora ignores this evidence of record and focuses solely on the testimony of his own expert. However, viewing the totality of the evidence, in the light most favorable to the Commonwealth as verdict winner, which we are required to do, **Koch, supra**, we conclude it was sufficient to prove the element of causation; the evidence establishes a causal connection between Demora's action and Richards' death to support his convictions.

In his fifth issue, Demora argues that his convictions were against the weight of the evidence so as to shock one's sense of justice.[3] Again in support of his claim, Demora drastically discounts his own behavior and argues that "if [Richards] had not made the left, the crash wouldn't have occurred." Demora's Brief at 29.

_____

[3] We note that Demora preserved this issue in his post-sentence motion.

When reviewing a challenge to the weight of the evidence, this Court's standard of review is as follows:

The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. ***Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.***

\* \* \*

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

\* \* \*

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. ***Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.***

***Commonwealth v. Clay****,* 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added). Absent an abuse of discretion, the trial court's decision will not be disturbed. ***See Commonwealth v. Griffin***, 515 A.2d 865, 869 (Pa. 1986). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007) (citation omitted). By contrast, a proper

- 13 -

exercise of discretion "conforms to the law and is based on the facts of record."

*Id.*

Like his sufficiency claim, Demora bases his weight claim primarily on his expert's testimony that the accident would not have occurred had Richards not made the left-hand turn. As discussed above, the Commonwealth's expert did not agree with this conclusion and opined that Demora's speed and impairment caused the accident. A showing of conflicting evidence is not enough to prevail on a weight claim. The weight to be accorded conflicting evidence is exclusively for the fact-finder whose findings will not be disturbed on appeal if they are supported by the record. **See Commonwealth v. Kearns**, 70 A.3d 881 (Pa. Super. 2013). As fact finder here, the jury was free to believe all, part or none of the expert testimony. **Commonwealth v. Watson**, 945 A.2d 174, 177 (Pa. Super. 2008). Evidently, the jury chose to believe the Commonwealth's expert.

In concluding that the verdict was not against the weight of the evidence, the trial court noted the high rate of speed Demora was driving in a residential area while under the influence of at least heroin and possibly cocaine and Xanax. The trial court emphasized that "evidence presented by an expert witness showed that, at no point, did [Demora] apply his brakes." Trial Court Opinion, 9/14/18, at 17. The trial court further noted that Demora had previously participated in rehabilitative programs for substance abuse, and he was even more aware of the risks of driving under the influence; he nonetheless chose to ignore those risks when he got behind the wheel of his

vehicle after abusing these substances. *Id.* Additionally, in reaching its decision, the trial court considered a similar case where a jury likewise found malice based on the speed of the defendant in a residential area. *Id.* (citing *Commonwealth v. Dunphy,* 20 A.3d 1215, 1219-20 (Pa. Super. 2011).

Based upon our review, we find that the record supports the trial court's determination that Demora's convictions were not against the weight of the evidence so as to shock one's sense of justice. We therefore conclude that the trial court did not abuse its discretion in denying Demora's weight claim.

In his last issue, Demora challenges the discretionary aspects of his sentence. As noted above, the trial court imposed an aggregate sentence for all convictions of 17 ½ to 40 years. Demora argues that this was excessive. *See* Demora's Brief at 32.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

The Commonwealth argues that Demora failed to include an appropriate Pa.R.A.P. 2119(f) statement in his brief, and further, failed to raise a substantial question. Therefore, it claims Demora waived his sentencing issue, and/or his appeal regarding this issue should be disallowed. Commonwealth's Brief at 30.

Pa.R.A.P. 2119(f) mandates that an appellant challenging the discretionary aspects of his sentence must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki,* 522 A.2d 17 (Pa. 1987). Before reaching the merits of an appellant's argument, we must review the appellant's Rule 2119(f) statement to determine whether he has presented a substantial question for our review. *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000)(*en banc* ), *appeal denied,* 759 A.2d 920 (Pa. 2000). A Rule 2119(f) statement that simply "contains incantations of statutory provisions and pronouncements of conclusions of law" is inadequate. *Commonwealth v. Martin,* 727 A.2d 1136, 1143 (Pa. Super. 1999), *appeal denied,* 745 A.2d 1220 (Pa. 1999).

> Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002).

Demora failed to satisfy these requirements. In his Rule 2119(f) statement, Demora did not specify which provision(s) of the Sentencing Code the trial court allegedly violated, or why his sentence was contrary to the Sentencing Code given the facts and circumstances of this case. He merely claims that it was excessive.

Furthermore, although a claim that a sentence is manifestly excessive may raise a substantial question if an appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms, Demora's 2119(f) statement fails to do so. ***See Mouzon***, 812 A.2d 617, 627–28 (Pa. 2002). In his statement, Demora only makes a bald allegation of excessiveness, which is insufficient.[4] ***See id.*** at 624.

Thus, we decline to review Demora's sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/19

---

[4] Although Demora discusses the issue of mitigating circumstances in the argument portion of his brief on this issue, he did not raise mitigating circumstances in his Rule 2119(f) statement. Because our review is limited to Demora's Rule 2119(f) statement, we do not consider this argument.